230 P.2d 689

**ORANGE TRANSP. CO., Inc. v. TAYLOR et al.**

No. 7696.

Supreme Court of Idaho.

April 24, 1951.

Bistline & Bistline, Pocatello, for appellant.

O. R. Baum, W. A. Wilkinson, Pocatello, for respondents.

KEETON, Justice.

The parties will be referred to as they appear in the trial court, appellant as plaintiff and respondents as defendants.

The pertinent facts are: Leavitt W. Taylor, B. H. Robinson and David G. Robinson were at the time pertinent to the controversy herein mentioned, co-partners engaged in business under the trade name of Arimo Ranches. Defendant Ben Clark at the time of the damage hereinafter referred to was an employee of the defendant partnership. Orange Transportation Company is an Idaho corporation.

On May 3, 1949, a truck belonging to the partnership defendants, driven by the employee Clark, and a truck driven by an employee of the plaintiff collided on a public road. Both parties carried public liability insurance. The defendant partnership was insured by the Globe Indemnity Company, and the adjusting bureau handling claims against persons insured by it in the vicinity of Pocatello was the Scott Wetzel Company.

Plaintiff brought this action against defendants to recover damages sustained because of the collision above referred to. Complaint was filed and summons issued on June 21, 1949, served that day on the defendant Clark, and on the partnership and one of the partners, Leavitt W. Taylor, on June 27, 1949. Taylor mailed the summons and complaint to one of the other partners, B. H. Robinson, and he in turn mailed the same to the Scott Wetzel Company, the adjusting bureau for the Globe Indemnity Company. The Scott Wetzel Company forwarded the summons and complaint to W. A. Wilkinson, an attorney of Pocatello, for attention, who was also an adjuster of claims handled by the Scott Wetzel Company.

On July 25, 1949, no appearance having been made by the defendants, or any of them, defendants' default was entered. On August 25, 1949, plaintiff submitted proof in support of its complaint to the trial judge and he made findings of fact and conclusions of law, and entered judg-

ment against all of the defendants in the sum of $3118.33, and costs.

On December 1, 1949, the defendants by a motion supported by affidavits moved to set aside the judgment and thereafter on December 8th, an amended motion to set aside the default and vacate the judgment was filed.

In support of the amended motion affidavits were filed by W. A. Wilkinson, B. H. Robinson and Scott Wetzel, and an answer to the complaint, alleging among other things an affirmative defense, and a cross complaint tendered, and permission to file the same asked. Counter affidavits were filed by R. Don Bistline, one of the attorneys for the plaintiff, and further affidavits in reply thereto were filed by Wilkinson and Wetzel. The answer and cross complaint above referred to show a meritorious defense.

On the files and records of the cause, and the affidavits and answer so submitted, the matter was argued to the trial court, and an order made that the default be set aside, the judgment vacated, and the answer and cross complaint of the defendants filed. The appeal is from this order.

The motion to set aside and vacate the judgment was bottomed on two grounds: first, neglect of an attorney employed to defend the action; second, that the default was taken through inadvertence and excusable neglect on the part of the defendants.

In Wilkinson's affidavit he states he is an attorney admitted to practice in Idaho, practicing at Pocatello; that he received on the 5th day of July, 1949, a copy of the summons and complaint, with instructions to give it his attention, and among his duties was to enter an appearance in the cause; that the summons and complaint so sent him were mislaid and overlooked, and no appearance entered in compliance with instructions received; that he discovered the file had been accidentally misplaced or confused with another file and claim; that he discovered the misplaced file and found on investigating the matter that default judgment had been taken; that he was supposed to not only enter an appearance, but arrange for a defense, and that the default and judgment entered were occasioned by his fault and neglect.

That he received the summons and complaint as an attorney and not as an adjuster and that he was authorized and supposed to defend the action.

He further states that after receiving the summons and complaint, he was advised that settlement had been made by the plaintiff in this action with the defendant Clark, and Clark had given a release to the plaintiff for damages sustained.

B. H. Robinson, one of the defendants, made an affidavit from which we quote in part: " * * * that the summons were immediately forwarded to your affiant, being insured, immediately forwarded the

same to the Scott Wetzel Company for attention and that your affiant relied upon such company and its counsel to defend such action, and was informed numerous times after the forwarding of such summons that said cause was being given attention and he did not know until advised by W. A. Wilkinson that a default had been taken; that he relied upon the directions he had given and the directions that had been conveyed to him that had been given to W. A. Wilkinson to care for such matter."

From Scott Wetzel's affidavit, in support of the motion, we quote as follows: "That he is the operator of an adjustment bureau known as and referred to as the Scott Wetzel Company, with offices in Salt Lake City, Utah, and a branch office in Pocatello, Idaho, and that among the matters referred to this office was the defense of, and the arranging for representation of the defendants in the above entitled action; that he received from Mr. B. H. Robinson, one of the copartners, a copy of the summons and complaint and that he forwarded the same to W. A. Wilkinson, an attorney at law at Pocatello, Idaho, for attention, and that the same was forwarded within the time to enter an appearance as stated in the original summons, and that several times the defendant B. H. Robinson made inquiry from him as to the status of the case and your affiant made inquiry of the said W. A. Wilkinson and was advised that the matter was re-ceiving attention; that he has now been advised that there was two files upon the defendants relating to two different matters and that the said W. A. Wilkinson, upon being made inquiry of as to the instant matter considered it as the matter in the other file and then reported 'satisfactory condition', and it was not until the 28th day of November, 1949, that your affiant called the said W. A. Wilkinson by telephone and asked for a report referring particularly to the instant matter and that he received information from Mr. Wilkinson that he would look into the matter, and thereafter and on the following day your affiant was advised that a default judgment had been rendered at which time he further directed the said W. A. Wilkinson to take immediate action and move for a vacation of the Clerk's Default and the said judgment rendered in such matter."

In the showing made by the plaintiff in opposition to defendants' motion, it is argued that the claimed neglect and inadvertence on the part of the defendants was not the action of a reasonably prudent person. Also, that Wilkinson was not employed as an attorney, but as an adjuster, and counsel makes a distinction between sending the papers to Wilkinson for attention, and his employment as counsel or otherwise; and further asserts the action of the defendants was not commensurate with diligence required of an ordinary prudent person, but was in

fact, in total disregard and inattention to business.

The question therefore presented for decision is whether or not the default and the judgment entered were due to the neglect of an attorney employed to represent the defendants and/or inadvertence and excusable neglect on the part of the defendants; and whether or not the trial court, in setting the default aside and vacating the judgment, abused or arbitrarily exercised its discretion in disregard of the established rules of law and principles of justice.

Sec. 5–905, I.C. provides in part as follows: "The court may likewise, in its discretion, * * * allow an answer to be made after the time limited by this code, and also relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; * * *. Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, * * * shall, upon application * * * set aside such judgment, order or proceeding * * *."

■ What constitutes excusable neglect, or just how a reasonable prudent person should act under similar circumstances are comparative terms and the decisions as to when a default and judgment may be set aside and answer permitted, may appear at times to be somewhat in conflict, and an extensive review of cases covering similar situations would serve no useful purpose. Each case must be examined in the light of the facts presented, and the circumstances surrounding the same.

■ It may be stated, as a general rule, that where an attorney fails to appear and answer for defendant within the time provided, and where he has had plenty of time so to do, and the defendant in such case be "otherwise without fault" it is immaterial whether such defendant personally engaged the attorney or acted through another. Miller v. Brinkman, 48 Idaho 232, 281 P. 372; Weaver v. Rambow, 37 Idaho 645, 217 P. 610.

In the instant case, the defendant partnership delivered the summons and complaint to an adjustment bureau of the insurance carrier, who in turn, according to the affidavit of the adjustment bureau and the attorney employed, engaged Wilkinson, an attorney duly admitted to practice. The attorney, for reasons given in the affidavit, neglected the matter, and the defendants and the adjustment bureau both assumed, after making inquiries, that the matter was being attended to. Plaintiff contends that sending the summons and

complaint to an attorney, who was also an adjuster, for *attention,* is not equivalent to the employing of an attorney.

"Attention" means observation and consideration with a view to action; observant care and heed. It is the opposite of absent-mindedness, disregard and inattention; it is the act or state of attending or heeding.

Certainly, it cannot be seriously contended that when papers are delivered to an attorney for attention that it is to be reasonably presumed that he would mislay or confuse the papers with other papers, in an entirely different matter, or that such attorney would do nothing, or intentionally permit a default judgment to be entered.

■ Where mistake, inadvertence and excusable neglect are urged as grounds for setting aside a default, such mistake, inadvertence and excusable neglect must be compared with what a reasonably prudent person might do under similar circumstances. Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, 194 P. 2d 281; Savage v. Stokes, 54 Idaho 109, 28 P.2d 900.

■■ A motion to set aside and vacate a judgment under the circumstances permitted by the statute above quoted is addressed to the sound legal discretion of the court. When the trial court's discretion has been brought to bear upon all the facts presented in the motion, and has been exercised in the light of the statutes bearing upon the questions encompassed by the motion, and there is nothing which makes it appear that such discretion has been arbitrarily exercised in disregard of the established rules of law and principles of justice, an appellate court should not and will not disturb the order and judgment of the court that was called upon to exercise the discretion. Richards v. Richards, 24 Idaho 87, 132 P. 576.

■ In doubtful cases, the general rule is to incline toward granting relief from the default and bring about a judgment on the merits. Cutler v. Haycock, 32 Utah 354, 362, 90 P. 897.

Further, judgments by default are not favored. Curtis v. Siebrand Bros. Circus & Carnival Co., supra.

■ In the instant case there were substantial facts presented to the trial court from which it was his duty to exercise his discretion. A meritorious defense was presented and an answer and cross complaint tendered, and the court having exercised such discretion, and nothing appearing to show that the action was arbitrary, or an abuse of discretion, or not in accord with the ends of justice, we conclude that the order appealed from should be and is affirmed. Costs to respondents.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.