592 P.2d 66

The **HEARST CORPORATION**, doing business as Hearst Magazines Division (Motor), a corporation, Plaintiff-Appellant,

v.

**Frank KELLER, Defendant-Respondent.**

No. 12784.

Supreme Court of Idaho.

March 13, 1979.

Frank E. Chalfant, Jr., Boise, for plaintiff-appellant.

Iver Longeteig of Runft & Longeteig, Boise, for defendant-respondent.

PRATHER, Justice Pro Tem.

The complaint herein was filed January 15, 1977, and was served on respondent on January 19, 1977. Thereafter no appearance was made by respondent and default judgment was entered on February 9, 1977, and a copy thereof mailed to respondent. On February 18, 1977, respondent phoned his attorney for an appointment and, on March 16, 1977, motion for relief from default with supporting affidavit was filed.

The affidavit alleges a breach of contract by appellant that respondent would plead as a counterclaim. The affidavit does not make any allegations denying appellant's complaint. Respondent's affidavit offers as his reason for not proceeding sooner that he was unaware of the strict requirements of the rules requiring answers and counterclaims to be made within twenty days of service.

■ I.R.C.P. 55(c) provides for setting aside a default judgment in accordance with I.R.C.P. 60(b). In pertinent part herein, the latter rule provides relief where a default judgment has been entered because of mistake, inadvertence, surprise or excusable neglect. Such a motion initially presents questions of fact to be determined by the trial court. However, where the motion was heard on the written record only and without oral testimony, the appellate court may exercise its own discretion in passing on the matter. *Fisher v. Bunker Hill Co.*, 96 Idaho 341, 528 P.2d 903 (1974); *Thomas v. Stevens*, 78 Idaho 266, 300 P.2d 811 (1956).

■ A motion to set aside a default judgment is addressed to the sound legal discretion of the trial court whose decision will not be reversed unless an abuse of discretion clearly appears. *Fisher v. Bunker Hill Co., supra.*

■ A mistake sufficient to warrant setting aside a default judgment must be of fact and not of law. Neglect must be excusable and, to be of that calibre, must be conduct that might be expected of a reasonably prudent person under the same circumstances. *Thomas v. Stevens, supra.* The record herein does not raise questions of inadvertence or surprise.

Defendant's affidavit herein offers as his mistake or excusable neglect only his statement that he was unaware of the strict requirements of the rules requiring answer and counterclaim to be made within twenty days of service. He offers no reason for reaching such a conclusion in view of the plain wording of the summons to the contrary. There is no plea that he could not

**12**

read or understand, or was in any way distracted by other urgent matters. If he mistook the law such a mistake is not sufficient. If he decided the wording of the summons did not mean what it plainly said, such neglect was not the act of a reasonable person under like circumstances and was therefore not excusable.

While the foregoing would be sufficient to decide this appeal, it is appropriate to comment upon the tendered defense.

In fact no answer to the complaint was filed nor was any counterclaim. Defendant never denied owing the money plaintiff claimed. At most, defendant's affidavit described a possible damage claim arising from a breach of contract by plaintiff and interference by plaintiff with defendant's attempts to obtain a business loan. The allegations were all conclusions and set forth no detailed facts. It cannot be determined whether the alleged breach of contract would be a compulsory or permissive counterclaim.

When moving to set aside a default judgment, the moving party must not only meet the requirements of I.R.C.P. 60(b) but must also plead facts which, if established, would constitute a defense to the action. It would be an idle exercise for the court to set aside a default if there is in fact no real justiciable controversy. The defense matters must be detailed. See *Thomas v. Stevens, supra,* and cases cited therein.

Once a default has been entered the pleading of defensive matter must go beyond the mere notice requirements that would be sufficient if pled before default. Factual details must be pled with particularity.

The order setting aside the default judgment is reversed and this matter is remanded to the trial court with directions to deny the motion to set aside the default.

SHEPARD, C. J., DONALDSON and BISTLINE, JJ., and BEEBE, J. Pro Tem., concur.