658 P.2d 992

**AVONDALE ON HAYDEN, INC., an Idaho Corporation; Kermit D. Petersen and Katherine M. Petersen, his wife; Donald E. Babcock and Mary Jane Babcock, his wife; Donald H. Klages and Violet Klages, his wife; and Robert Turnipseed and Clara B. Turnipseed, his wife, Plaintiffs-Respondents,**

v.

**William HALL & "Jane Doe" Hall, his wife, Defendants-Appellants,**

and

**Paul F. Walters, a/k/a Walter F. Pool and "Jane Doe" Walters, his wife; Win M. Self and "Jane Doe" Self, his wife; and Aera Lee Pool, a single woman, Defendants.**

No. 13594.

Court of Appeals of Idaho.

Feb. 2, 1983.

Thomas A. Mitchell and Michael J. Vrable, Coeur d'Alene, for defendants-appellants.

David A. Frazier, Coeur d'Alene, Kenneth D. Carpenter (Underwood, Campbell, Brock & Cerutti, P.S.), Spokane, Wash., for plaintiffs-respondents.

BURNETT, Judge.

This is an appeal from an order refusing to set aside a default judgment. Cases of this type typically are assigned to the Court of Appeals. In this opinion, we set forth the general standards governing our appellate review of such cases; and we affirm the order at issue here.

I

Before examining the facts of this case, we address the question of what legal standards should be applied. The criteria for granting relief from a judgment are plainly enunciated in I.R.C.P. 60(b).[1] These criteria guide the decision made by a trial court, in the first instance, on a motion for relief. However, the standards governing appellate review of this decision are not so plain. We are confronted with a trinity of seemingly contradictory principles—(1) that the trial court's discretion will not be disturbed unless abused, (2) that an appellate court may substitute its own discretion upon a record consisting entirely of documentary evidence, and (3) that findings of fact by a trial court shall not be set aside on appeal unless clearly erroneous. Our task is to synthesize these principles into a coherent standard of appellate review.

A trial court's discretionary authority, when deciding whether to relieve a party from a judgment entered by default, has deep historical roots. In *Holland Bank v. Lieuallen,* 6 Idaho 127, 53 P. 398 (1898), our Supreme Court held:

> The setting aside of a default [and judgment] is a matter of discretion, reposed in the trial court, whose action will not be disturbed on appeal, unless there has been an abuse of such discretion. [6 Idaho at 130, 53 P. at 398.]

However, this rule has long been subject to an exception. The exception arose from a general principle, advanced early in this century, that where evidence in any proceeding is entirely documentary, the case would be considered on appeal as though it were being heard or tried for the first time. *See Roby v. Roby,* 10 Idaho 139, 77 P. 213 (1904).[2] The *Roby* principle spawned a corollary in *Parsons v. Wrble,* 19 Idaho 619, 115 P. 8 (1911), where the Supreme Court held that if a motion for relief from a default judgment is submitted upon entirely written evidence, the appellate court can make an original examination of the record and exercise its own discretion in determination of the issue presented.

Many, if not most, requests for relief from default judgments are submitted entirely upon affidavits or other documentary evidence. Consequently, *Parsons* has been followed in a substantial number of appellate decisions including, most recently, *Wood v. Wood,* 100 Idaho 387, 597 P.2d 1077 (1979). *Parsons,* and the *Roby* principle upon which it was based, have created a tension between the traditional doctrine that discretionary decisions will be disturbed on appeal only when discretion has

---

1. Rule 60(b) provides in pertinent part that "the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect...." Rule 55(c) provides that a judgment by default may be set aside "in accordance with rule 60(b)."

2. The principle established in *Roby* was earlier suggested in dictum by the Supreme Court of Idaho Territory in *Ainslie v. Idaho World Printing Co.,* 1 Idaho 641 (1877).

been abused, and the notion that trial court discretion should be displaced through the exercise of appellate discretion whenever the evidence is wholly documentary.

To resolve this tension we must examine critically the underlying principle of *Roby*. The starting point is to recognize a difference between the functions of trial courts and those of appellate courts. Trial courts find facts and apply law to the facts found. Appellate courts determine the correctness of the law applied, but their review of factual findings is limited. Rule 52(a) of the Idaho Rules of Civil Procedure, adopted in 1958, provides that findings by a trial court shall not be disturbed unless clearly erroneous.[3] This rule, on its face, applies to all cases regardless of whether the evidence submitted to the trial court is documentary or testimonial. By its own terms, Rule 52(a) is strengthened, but not limited, by regard for a trial court's special opportunity to evaluate the credibility of witnesses who appear and testify. Restraint in appellate review of factual questions is not confined to credibility determinations. Rather, it is a general concept underlying the differentiation of trial and appellate courts. *T-Craft Aero Club, Inc. v. Blough*, 102 Idaho 833, 837, 642 P.2d 70, 74 (Ct.App.1982); *see also Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). It is the structural anchor of the familiar axiom that a trial court, not an appellate court, resolves conflicting evidence and determines the weight, credibility and inferences to be drawn from the evidence. *E.g., Angleton v. Angleton*, 84 Idaho 184, 370 P.2d 788 (1962).

The restrained standard of appellate review of factual issues, presently mandated by Rule 52(a), stands in stark contrast to the suggestion in *Roby*, that a case involving wholly documentary evidence should be considered on appeal as though it were being presented for the first time. Our research indicates that *Roby* never has been overruled, but that it has not been cited for the principle discussed here since *Perry v.*

*Perkins*, 73 Idaho 4, 245 P.2d 405 (1952). *Perry*, in turn, appears to have been cited for the *Roby* principle only once since Rule 52(a) was adopted. In *Pharris v. State*, 91 Idaho 456, 424 P.2d 390 (1967), the Supreme Court applied the principle to a single issue—indigency of a criminal defendant who sought appointment of an attorney—upon which the evidence was documentary.

The atrophied function of the *Roby* principle, following adoption of I.R.C.P. 52(a), has its analogue in the federal system. Until the 1960's, some federal appellate courts applied a de novo standard of review to findings of fact in cases where the evidence was wholly documentary. *See* cases collected in 9 C. Wright & A. Miller, Federal Practice and Procedure § 2587, pp. 742–44 n. 30 (1971 & Supp.1982). However, the de novo standard had been criticized by the Advisory Committee on the Federal Rules of Civil Procedure, as being contrary to the plain language and intent of federal Rule 52(a), which resembles I.R.C.P. 52(a). *See* Committee Note of 1955 to Proposed Amendments 51–54, as quoted in 5A J. Moore, Moore's Federal Practice ¶ 52.01[7] at pp. 2608–10 (2d ed. 1982). Moreover, the United States Supreme Court has held that the "clearly erroneous" standard of review, under federal Rule 52(a), applies to findings based upon either testimonial or documentary evidence. *E.g., United States v. Singer Mfg. Co.*, 374 U.S. 174, 194–95 n. 9, 83 S.Ct. 1773, 1783–84, n. 9, 10 L.Ed.2d 823 (1963); *United States v. United States Gypsum Co.*, 333 U.S. 364, 394, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

Consequently, the modern trend among federal appellate courts has been away from de novo review and toward application of the "clearly erroneous" rule to findings of fact, even where the evidence is documentary. *See* cases collected in 9 C. Wright & A. Miller, *supra*, pp. 745–47 n. 33. As stated by the Court of Appeals for the Ninth Circuit:

---

**3.** Rule 52(a) provides, in pertinent part:
Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special

opportunity of the trial court to judge the credibility of those witnesses who appear personally before it.

Rule 52(a) should be construed to encourage appeals that are based on a conviction that the trial court's decision has been unjust; it should not be construed to encourage appeals that are based on the hope that the appellate court will second-guess the trial court. Rule 52(a) explicitly[,] clearly applies [even] where the trial court has not had an opportunity to judge of the credibility of the witnesses.

Lundgren v. Freeman, 307 F.2d 104, 114 (9th Cir.1962).

In view of the receding importance of the *Roby* principle in Idaho, and the apparent demise of the de novo review standard in the federal system, we believe the time has come to re-examine the corollary of *Roby* which was adopted in *Parsons v. Wrble, supra.* We can no longer accept uncritically the rule of *Parsons,* that if a motion for relief from a default judgment is submitted upon entirely written evidence, the appellate court should make an original evaluation of the record and exercise its own discretion as though the matter were being considered for the first time on appeal.

A motion for relief from a default judgment invokes both the fact-finding and law-applying functions of the trial court. It requires the court to determine the facts concerning the circumstances of the default, and to apply the criteria of I.R.C.P. 60(b) to the facts found. Appellate restraint, in review of such factual determinations, is consistent with the principles embodied in Rule 52(a) and with the traditional principle of deference to trial court discretion in deciding whether to grant relief from default judgments. We believe these important principles are unduly damaged by the broad suggestion in *Parsons* and its progeny, that where the evidence in proceedings to set aside a default judgment is wholly documentary, an appellate court may displace both the fact-finding and law-applying functions of the trial court. In

our view, the rule of *Parsons* should be narrowed to mean that, although an appellate court may draw its own impressions from evidence entirely in writing, it will not substitute those impressions for findings of fact by the trial court unless the findings below are deemed to be clearly erroneous. This formulation brings the rule of *Parsons* into greater accord with the basic principles of trial court discretion in default cases and of deference to trial court findings of fact which are not clearly erroneous.

Accordingly, we hold that a trial court decision on a motion for relief from a default judgment will not be disturbed on appeal unless it represents an abuse of discretion. Where oral testimony has been received, we will give due regard to the trial judge's special opportunity to evaluate the credibility of the witnesses. Where the evidence is ·entirely in writing, we may draw our own impressions from the record, but we will not substitute our impressions for findings of fact by the trial judge unless we are convinced that those findings are clearly erroneous.

## II

■ We next consider how this appellate standard relates to the criteria by which a trial court is guided in deciding whether to grant relief from a default judgment. As noted earlier, I.R.C.P. 60(b)(1) authorizes relief for mistake, inadvertence, surprise or excusable neglect.[4] In *Council Improvement Co., Inc. v. Draper,* 16 Idaho 541, 102 P. 7 (1909), the Idaho Supreme Court observed that the party seeking relief from a judgment must show that he has exercised due diligence in the prosecution of his rights, such as a reasonably prudent person would exercise under similar conditions. *See also Savage v. Stokes,* 54 Idaho 109, 28 P.2d 900 (1934); *Ticknor v. McGinnis,* 33 Idaho 308, 193 P. 850 (1920). These requirements have been assimilated into the Rule

---

4. In addition to satisfying one or more of these criteria, a party seeking relief from a default judgment must also plead specific facts which, if established, would constitute a defense to the action. *E.g., Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979). Because this case turns upon a failure to satisfy Rule 60(b)(1), we do not reach the further question of whether a defense was adequately pleaded.

60(b)(1) criteria. Proof of mistake, inadvertence, surprise or excusable neglect must include a showing that the party seeking relief has acted with reasonable prudence. *E.g., Reeves v. Wisenor,* 102 Idaho 271, 629 P.2d 667 (1981).

■ A district court must examine each case in the light of the unique facts and circumstances presented. *Orange Transp. Co. v. Taylor,* 71 Idaho 275, 230 P.2d 689 (1951). In *Hearst Corp. v. Keller, supra,* n. 4, the Supreme Court observed that a motion to set aside a default judgment because of mistake, inadvertence, surprise or excusable neglect presents questions of fact to be determined by the district court. After the court has found the facts, it must decide whether these facts are sufficient, under proper legal standards, to warrant the relief sought. This application of law to the facts is tempered by a general policy in Idaho— that, in doubtful cases, relief should be granted to reach a judgment on the merits. *E.g., Garren v. Saccomanno,* 86 Idaho 268, 385 P.2d 396 (1963); *Stoner v. Turner,* 73 Idaho 117, 247 P.2d 469 (1952).

■ When we review, on appeal, the trial court's application of law to the facts found, we will consider whether appropriate criteria were applied and whether the result is one that logically follows. Thus, if (a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found, then the court will be deemed to have acted within its sound discretion. Its decision will not be overturned on appeal.

### III

■ We now turn to the particular circumstances surrounding the default in the present case. The facts are contained in a record comprised wholly of written evidence, including affidavits and a deposition. It appears that a corporation, Avondale on Hayden, Inc., brought an action seeking a judicial declaration of ownership of one of its stock certificates. The corporation alleged that a stock certificate registered in the name of one Walter Pool had been improperly transferred to William Hall. Hall was personally served with a copy of the summons and complaint in Alaska on March 23, 1979. Approximately five weeks later, on April 27, Avondale obtained entry of a default against Hall and his wife. Hall later denied receiving a copy of the entry of default.

Approximately two weeks later, on May 9, the Halls served a *pro se* "Notice of Appearance" on opposing counsel, but apparently neglected to file the original or a copy with the district court. In this notice the Halls stated, "[A]ll parties will be informed when representative [sic] counsel has been retained." On July 8 a default judgment, containing a certificate of mailing to the Halls, was entered. On July 26 a copy of the default judgment was personally served on Mrs. Hall in Alaska. Eighteen days later, on August 13, an Idaho attorney filed a motion on behalf of the Halls, seeking relief from the default judgment under Rule 60(b)(1).

In support of the motion, Hall submitted an affidavit stating that he had acquired his stock in return for a promissory note. Hall said the note had been executed in his behalf by an "attorney in fact," Paul F. Walters, aka Walter Pool—another defendant in the suit. Hall further stated that, shortly after May 9, he had become involved in a large mining operation in the interior of Alaska, and that he did not obtain a recommendation as to whom he should retain to represent him until late June. He said that the mining season in Alaska ran from June through October. However, at a later deposition, Hall also indicated that he had relied upon codefendant Walters to obtain counsel for him. He said he had mistakenly believed that a certain attorney was retained by Walters to represent both of them.

After a hearing on the Halls' motion, the district court refused to set aside the default judgment. In a memorandum opin-

ion, the court generally questioned the "credibility" of Hall's claim that he had relied upon Walters to obtain counsel for him. More particularly, the court determined this claim to be contradictory and unsubstantiated. The court found that Walters had appeared in the action on March 27 through a lawyer different from the attorney mentioned by Hall in his deposition. The court further found that the attorney named by Hall had sent a letter dated March 19 to Avondale's attorney, denying that he was representing anyone in the case. The Court noted that Walters had submitted no affidavit corroborating Hall's claim, despite an assertion by Hall, in his deposition, that he and Walters were close business and social acquaintances. Finally, the court found that there had been adequate time, from March 23, when Hall was served with process, until the mining season started in June, for Hall to take some action to protect his interests in the pending lawsuit. The district court concluded that none of the criteria recited in Rule 60(b)(1), including the reasonable prudence requirement, had been satisfied by the evidence.

Because the evidence before the district judge was entirely in writing, he had no special opportunity to evaluate the credibility of Hall as a witness. Accordingly, we are not bound by the court's general remarks about "credibility." However, the judge's particular findings, regarding Hall's claim of reliance upon Walters to obtain counsel for him, are supported by the record. We cannot say that they are clearly erroneous. Moreover, it appears that the criteria of Rule 60(b)(1) properly were applied to those findings. In our view, the case was not so uncertain as to invoke the policy of granting relief in doubtful cases. The judge's decision follows logically from the facts found and criteria applied. It will be sustained on appeal.[5]

## IV

Finally, we consider the question of attorney fees on appeal. Avondale and the other respondents, who are the prevailing parties, seek an award under I.C. § 12–121. Such an award is appropriate if the appellate court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). However, this appeal has afforded an important occasion to define the standards which should govern appellate review of decisions to grant or to deny relief from default judgments. The appeal may well have been encouraged by the *Parsons* rule of substituted discretion—a rule which we have narrowed by our opinion today. Accordingly, no attorney fees are awarded.

The district court order, denying relief from the default judgment, is affirmed. Costs to respondents.

WALTERS, C.J., and SWANSTROM, J., concur.

---

5. Our opinion applies to the instant case a more restrained standard of appellate review than previously existed. However, for the benefit of the parties, we add parenthetically that even if we deemed ourselves at liberty to substitute our discretion for that of the trial court, under a broader reading of the *Parsons* standard, the record in this case would lead us to the same conclusion reached by the trial court. Regarding future appeals, and others now pending, we have considered the principles governing prospective or retroactive application to appellate decisions, outlined in *Gay v. County Commissioners of Bonneville County,* 103 Idaho 626, 651 P.2d 560 (Ct.App.1982), and *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974). The restrained standard of review set forth in this opinion will be applied to future and pending appeals if the trial courts have made specific findings in support of their decisions to grant or to deny relief from default judgments.