662 P.2d 1171

Curtis D. JOHNSON and Joan Johnson, Husband and Wife, Plaintiffs-Respondents,

v.

PIONEER TITLE COMPANY OF ADA COUNTY, Defendant-Appellant,

and

Daniel A. Jones and Ruth E. Jones, Husband and Wife; Roger Schwartz; Joe Threadgill; Herbert Nagel; Elton Suko Realty; Hope Realty and First American Title Company of Northern Idaho, Defendants.

PIONEER TITLE COMPANY OF ADA COUNTY, Defendant-Third Party Plaintiff,

v.

GEM VALLEY TITLE COMPANY, Third Party Defendant.

No. 13817.

Court of Appeals of Idaho.

April 26, 1983.

Rehearing Denied April 26, 1983.

Petition for Review Denied June 15, 1983.

Terry C. Copple of Davison, Copple, Copple & Copple, William C. Roden of Smith & Roden, Boise, for defendant-appellant.

Dan J. Rude, Coeur d'Alene, for plaintiffs-respondents.

THIS OPINION SUPERSEDES THE COURT'S PRIOR OPINION ISSUED FEBRUARY 1, 1983, WHICH IS WITHDRAWN.

SWANSTROM, Judge.

Pioneer Title Company has appealed the denial of its "renewed motion" to vacate a default judgment entered against "First American Title Co. of Northern Idaho," an assumed business name under which Pioneer has been operating in Coeur d'Alene, Idaho. The threshold issue in this case is whether this appeal must be dismissed as untimely. The remaining issue is whether the default judgment should have been set aside. We conclude that the appeal is timely, and that the default judgment should be set aside.

Curtis and Joan Johnson filed this suit on June 1, 1979, naming several parties, including "First American Title Company of Northern Idaho," as defendants. The sole appellant in this appeal, Pioneer Title Company of Ada County, was not named as a party or mentioned in the Johnsons' complaint.[1] The complaint charged several of the defendants with misrepresentation in

connection with the sale of a mobile home accessory business from Daniel and Ruth Jones to the Johnsons. The complaint also charged that First American, as the title insurance company involved in this transaction, gave unauthorized legal advice at the time of the closing and improperly rebated $1,206 in insurance premiums to the sellers.

The Jones-Johnson transaction occurred in August, 1978. At that time and up until December 1, 1978, Gem Valley Title Company, an Idaho corporation, was engaged in business at Coeur d'Alene, Idaho, as "First American Title Company of Northern Idaho"—an assumed business name. During that period, there was a certificate on file with the Kootenai County Recorder showing Gem Valley was doing business as "First American Title Company of Northern Idaho." I.C. § 53–501, et seq. On December 1, 1978, Gem Valley sold its title business to Pioneer Title Company of Ada County, another Idaho corporation. At the time of sale Gem Valley Title Company filed with the County Recorder, a certificate of withdrawal of its assumed business name. At the same time Pioneer filed a certificate to show it would be doing business under the name of "First American Title Company of Northern Idaho." Pioneer continued to operate the business of First American with the same local management that had run the business when it belonged to Gem Valley. Pioneer asserts that this sale merely involved a transfer of physical assets. The Johnsons, however, contend that Pioneer purchased both the assets and liabilities of an on-going business. In any event, it is uncontested that the conduct which gave rise to the Johnsons' claim against "First American" occurred when "First American" was owned by Gem Valley, not by Pioneer Title.

From the record it further appears that on June 1, 1979, copies of the Johnsons'

[1]. This is the second appeal arising out of this case. The Johnsons earlier appealed from an order granting summary judgment for defendant Herbert Nagel on a separate claim. *See*

*Johnson v. Jones,* 103 Idaho 702, 652 P.2d 650 (1982). That claim is not at issue in the present appeal.

summons and complaint were served upon a Pioneer employee who worked at First American in Coeur d'Alene. The employee did not inform his superiors of the service or forward the documents to Pioneer's legal counsel. On June 25, 1979, the Johnsons' attorney (who is different from counsel on appeal) called First American, informing the manager that more than twenty days had elapsed since the service and demanding to know when he might expect an answer. The manager replied that he did not even know about the lawsuit. He then looked on the employee's desk and found the complaint and summons under some other papers. Upon discovering these documents, the manager—according to an affidavit later filed—returned to the phone and advised the Johnsons' attorney that Gem Valley Title Company, the owner of First American at the time of the transaction, was the proper defendant. The manager stated in his affidavit that he also gave the attorney the telephone number of Gem Valley's president, who resided in Minnesota. In a reply affidavit the attorney denied receiving notice of Gem Valley's interest in First American. He stated that the manager told him only that "certain other companies" were involved.

In another affidavit, Pioneer's president stated that after speaking with the Johnsons' attorney, the manager of First American contacted the president of Gem Valley, who requested that the summons and complaint be sent to him in Minnesota. The manager soon mailed the documents but, after the entry of default, they were returned unclaimed, because Gem Valley's president had moved from Minnesota without leaving a forwarding address.

On July 16, 1979, the Johnsons obtained a default judgment against First American for $51,206, plus costs of $3,345, after it failed to appear in the case. The Johnsons thereafter informed Pioneer that they considered it responsible for the judgment, and they threatened execution upon Pioneer's assets. On August 6, 1979, Pioneer filed a motion to "vacate" this judgment, and to stay execution, contending in part that if anyone were obligated under the judgment it would be Gem Valley and not Pioneer. The district court denied the motion in an order entered December 4, 1979. The court observed that no appearance had been made in the case in behalf of Gem Valley or First American. The court also noted that it had not authorized Pioneer to intervene in the suit. It concluded that Pioneer had no standing to make a motion to vacate. Pursuant to I.R.C.P. 24, Pioneer then filed a motion to intervene in the case, which the court orally granted at a hearing on January 31, 1980. A written order dated February 12, 1980, was later filed.

On March 7, Pioneer renewed its motion to vacate the default judgment. It also filed a third party complaint against Gem Valley seeking indemnification for any damages it might sustain as a result of the Johnsons' suit. The court denied Pioneer's renewed motion to vacate. The court also rejected any argument by Pioneer that the complaint should be dismissed because Pioneer was an incorrect party to the action. The court ruled, without elaboration, that "there is insufficient showing that a default entered against First American Title Company should be set aside under Idaho Rules of Civil Procedure." From this order filed June 26, 1980, Pioneer appealed. The Johnsons have moved this court to dismiss the appeal, asserting that it was not timely taken.

## I

■ The first issue we address is whether this appeal should be dismissed because it was not filed within the forty-two day limit set by I.A.R. 14. The Johnsons contend that Pioneer's notice of appeal, filed on July 8, 1980, was too late because the time for filing an appeal began to run not on June 26, 1980, but on December 4, 1979, when the court denied the original motion to vacate. In otherwords, the Johnsons argue that Pioneer should have appealed the earlier order,

rather than intervening and filing a renewed motion to vacate the judgment.

The Johnsons further argue that, by filing a renewed motion to vacate, Pioneer was merely trying to circumvent the forty-two day time limit for the filing of appeals. They contend that a party should not be allowed to extend the time for filing an appeal by moving the court to reconsider an otherwise final order. The Johnsons assert that the December 4 order denying Pioneer's original motion was a final, appealable order and, because no appeal was taken within forty-two days, this Court lacks jurisdiction to consider the appeal.

### A

In Idaho a timely notice of appeal is a jurisdictional requirement. I.A.R. 21; *Neal v. Harris,* 100 Idaho 348, 597 P.2d 234 (1979). If Pioneer's notice of appeal were determined to be untimely, we would have to dismiss this appeal.

■ However, at the time Pioneer made its first motion to vacate, it was not a named party to this suit. Because the suit had been brought against "First American Title Company of Northern Idaho," the district court did not rule on the merits of Pioneer's motion, but simply concluded that Pioneer lacked standing, as a nonparty, to seek any relief in the case.

Conceivably, Pioneer could have appealed from the judge's denial of its original motion to vacate. But, on the record then existing, Pioneer's standing to bring such an appeal would have been at least as uncertain as its standing to ask for direct relief from the judgment. It was not until Pioneer moved to intervene that the district court determined Pioneer to be affected by the judgment; and only when this determination had been made did the court consider the merits of Pioneer's request for relief from the judgment. We hold that the order denying relief on June 26, 1980, being the first order addressing the merits of Pioneer's motion to vacate the judgment, was an appealable order made after final

judgment. I.A.R. 11. Accordingly, the appeal taken from that order was timely and appropriate.

### B

■ After receiving our initial opinion in this case, the Johnsons filed a petition for rehearing. In the brief accompanying their petition the Johnsons note that Pioneer's renewed motion to vacate was filed more than six months after entry of the default judgment. They argue that because I.R.C.P. 60(b) and 6(b) do not allow such motions to be filed more than six months after the entry of the judgment, Pioneer's renewed motion was untimely.

Pioneer filed its initial motion to vacate the judgment just twenty-one days after entry of the judgment, well within the time limits of rule 60(b). When this motion was denied for lack of standing, Pioneer promptly sought permission to intervene. By the time a hearing was held on the motion to intervene more than six months had elapsed from the entry of the judgment. Thus Pioneer was prevented from filing its "renewed motion" to vacate the judgment within the six months allowed by rule 60(b). However, within twenty-three days of the date of the order permitting intervention, Pioneer filed its renewed motion. Under these circumstances we hold that Pioneer's initial motion satisfied the time requirements of rule 60(b) and that Pioneer moved in a reasonably prompt manner to obtain relief from the judgment.

### II

We now turn to the question of whether relief from the default judgment should have been granted. We note, at the outset, that the Johnsons do not appear to contest Pioneer's assertion that it is, or potentially may be, adversely affected by the present judgment against "First American."

■ The decision whether to grant a motion to set aside a default judgment is committed to the sound discretion of the trial court, and ordinarily such decision will not be disturbed on appeal in the absence of an abuse of discretion. *Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979); *Radioear Corp. v. Crouse,* 97 Idaho 501, 547 P.2d 546

(1976); *Fisher v. Bunker Hill Corp.,* 96 Idaho 341, 528 P.2d 903 (1974). However, there is also authority for the proposition that when, as in this case, a motion to set aside a default judgment is considered by the trial court on affidavits and written records alone, and no oral testimony is taken, "this court is in as good a position to evaluate the showing made as was the lower tribunal and will therefore examine and be governed by the facts disclosed, and exercise its own discretion." *Wood v. Wood,* 100 Idaho 387, 388, 597 P.2d 1077, 1078 (1979). *See also Hearst Corp. v. Keller, supra; Fisher v. Bunker Hill Corp., supra; Crumley v. Minden,* 80 Idaho 391, 331 P.2d 275 (1958); *Johnson v. Noland,* 78 Idaho 642, 308 P.2d 588 (1957).[2]

■ In a decision issued concurrently with our original opinion in this case, we held that where the evidence submitted on a motion for relief from a default judgment is entirely documentary, we will not disturb a trial judge's findings of fact unless they are clearly erroneous. *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983). Our first task, therefore, is to determine whether the district court in this case made any findings of fact to which we would defer, absent a showing of clear error, under *Avondale.* Our examination of the record discloses no such findings. As noted above, the district court merely held that Pioneer had made an insufficient showing of entitlement to relief. We recognize that the judge is not required to make any findings in ruling on a rule 60(b) motion. *See* I.R.C.P. 52(a). However, where neither findings nor specific reasons were given for the ruling, an appellate court has no meaningful way to review the decision to determine whether the lower court has properly applied correct legal principles to the facts. Consequently, the restrained standard of appellate review set forth in *Avondale* does not apply here. We are at liberty to form our own impressions from the record and to exercise our own discretion in deciding whether the default judgment should have been set aside.

■ Rule 55(c) provides that for good cause shown a court "may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)." Under Rule 60(b)(1), a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason justifying relief from the operation of the judgment." In addition to meeting the requirements of Rule 60(b)(1), the party moving to set aside a default judgment must plead facts which, if established, would constitute a defense to the action. *Hearst Corp. v. Keller, supra; Fisher v. Bunker Hill Corp., supra.*

A

■ We turn first to the question whether the conduct of Pioneer's agents in allowing a default judgment to be entered against First American constitutes excusable neglect. Whether a party's conduct, in allowing a default to be entered, constitutes "excusable neglect" is determined by examining what might be expected of a reasonably prudent person under similar circumstances. *Reeves v. Wisenor,* 102 Idaho 271, 629 P.2d 667 (1981). The courts must weigh each case in light of its unique facts. *E.g. Orange Transportation Co., Inc. v. Taylor,* 71 Idaho 275, 230 P.2d 689 (1951).

■ Judgments by default are not favored, and the general rule in doubtful cases is to grant relief from the default in order to reach a judgment on the merits. *See e.g. Bunn v. Bunn,* 99 Idaho 710, 587 P.2d 1245 (1978); *Garren v. Saccomanno,* 86 Idaho 268, 385 P.2d 396 (1963); *Orange Transportation Co., Inc. v. Taylor, supra.* To paraphrase the court in *Stoner v. Turner,* 73 Idaho 117, 121, 247 P.2d 469, 471 (1952), procedural rules, other than those which are jurisdictional, should be applied to promote the disposition of causes upon their merits.

This is a close case. The conduct of the employee who accepted service of process,

---

**2.** Numerous other similar cases are listed in *Curtis v. Siebrand Bros. Circus & Carnival Co.,* 68 Idaho 285, 291, 194 P.2d 281, 284 (1948).

and then allowed the process to sit idly on his desk, hardly can be justified. On the other hand, Pioneer contends that, after learning of the lawsuit, its manager at the First American office failed to notify Pioneer's attorneys only because he sincerely believed that Gem Valley was the proper defendant and that Gem Valley's president would personally take care of the matter. The affidavits summarized above paint a picture of confusion among Pioneer's employees. The employees apparently believed, whether correctly or not, that Pioneer was not legally responsible for the actions of "First American" prior to its acquisition by Pioneer. They also labored under two mistaken assumptions: first, that, once informed of the facts, the Johnsons would pursue their suit against Gem Valley; and second, that Gem Valley's president would file an answer to the lawsuit.

Confusion may have resulted from the fact that the summons was addressed neither to Pioneer nor to Gem Valley, but to "First American Title Co. of Northern Idaho," a fictitious entity. The Johnsons' complaint did not allege that First American was a corporation; nor did it allege who was doing business as First American. It is difficult to tell—from reading the Johnsons' complaint—what legal entity or persons were being sued under the name of "First American." Thus, in our view, the confusion generated by this lawsuit was attributable, in part, to the plaintiffs themselves.

Undoubtedly, Pioneer's manager could have acted *more* prudently by delivering the summons and complaint immediately to Pioneer's attorneys. However, this does not compel a conclusion that he acted so imprudently that relief should be denied. In determining whether to set aside a default judgment, we must apply a standard of liberality rather than strictness and give the party moving to vacate the default the benefit of a genuine doubt. *Stoner v. Turner, supra.* In view of the confusion which existed, we cannot say that Pioneer was guilty of indifference or deliberate delay in failing to answer the complaint. We thus hold that Pioneer's failure to respond was excusable neglect under I.R. C.P. 60(b)(1).

B

We next address the issue whether Pioneer has pled facts which, if established, would constitute a defense to this action. In the answer it tendered in this case, Pioneer has denied all the allegations which form the basis of the Johnsons' complaint against First American. Moreover, as an affirmative defense, Pioneer has asserted that it was not involved in any way in the transaction giving rise to the suit. As noted above, until the time Gem Valley ceased doing business as "First American," there was of record a certificate of assumed business name which showed Gem Valley to be the owner of the business. When Pioneer took over the business Gem Valley filed a notice of withdrawal of the former certificate, and a new certificate was filed by Pioneer, showing it had commenced doing business under the name of First American. Pioneer contends that it purchased certain physical assets from Gem Valley, but did not agree to assume any of Gem Valley's debts or obligations. We believe that these alleged facts show that there is a "real justiciable controversy," as required by *Hearst Corp. v. Keller,* 100 Idaho at 12, 592 P.2d at 68. If the facts pleaded are proven, Pioneer may be able to establish a defense to the action, at least as it relates to Pioneer.

We conclude, in the exercise of our discretion, that relief from the default judgment should have been granted. We reverse that part of this district court's order dated June 26, 1980, which denied the motion to vacate. We affirm that part of the order which denied Pioneer's motion to dismiss. The case is remanded with instructions to set aside the default judgment and to allow the filing of Pioneer's answer. No attorney fees or costs on appeal.

WALTERS, C.J., and BURNETT, J., concur.