701 P.2d 300

**Eugene A. MARANO,
Plaintiff-Respondent,**

v.

**Dennis DIAL and Jane Doe Dial, husband and wife, Defendants-Appellants.**

No. 15647.

Court of Appeals of Idaho.

May 30, 1985.

Charles W. Hosack, Coeur d'Alene, for defendants-appellants.

April Leach, Eugene A. Marano (argued), Coeur d'Alene, for plaintiff-respondent.

Eugene A. Marano, Coeur d'Alene, pro se.

SWANSTROM, Judge.

This action was commenced in the magistrate division of the district court. Eugene Marano, an attorney, brought suit against Dennis and "Jane Doe" Dial to recover fees allegedly owed him for services rendered. No timely answer was filed and Marano obtained a default judgment. The Dials moved to vacate the judgment under I.R. C.P. 60(b), asserting excusable neglect in failing to respond to Marano's complaint. The magistrate denied Dial's motion and they appealed to the district court. The district court upheld the magistrate and, on further appeal, we also affirm.

Under I.R.C.P. 60(b) excusable neglect is conduct as might be expected of a reasonably prudent person under the same circumstances. *Hearst Corporation v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979). In other words, the party claiming excusable neglect must have exercised due diligence in the prosecution of his rights, *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 658 P.2d 992 (Ct.App.1983), and must not have exhibited indifference or unreasonable delay. *Stoner v. Turner*, 73 Idaho 117, 247 P.2d 469 (1952). The decision to grant or deny relief under I.R.C.P. 60(b) rests in the sound discretion of the trial court and an exercise of that discretion will not be overturned on appeal absent abuse. *Reeves v. Wisenor*, 102 Idaho 271, 629 P.2d 667 (1981); *Avondale on Hayden, Inc. v. Hall, supra.*

As noted above, the magistrate denied the motion and the district court affirmed. Neither the magistrate nor the district court made findings of fact to support their decisions. While such findings are not required, under such circumstances and because the evidence in this case is entirely documentary, "[w]e are at liberty to form our own impressions from the record and to exercise our own discretion in deciding whether the default judgment should have been set aside." *Johnson v. Pioneer Title Company of Ada County*, 104 Idaho 727, 732, 662 P.2d 1171, 1176 (Ct.App.1983). In doing so, we recognize the general policy in Idaho that, in doubtful cases, relief should be granted to reach a judgment on the merits. *See Avondale on Hayden, Inc. v. Hall, supra.* The district court was in the same position as we are, that is, sitting as an appellate court, but making its own determination of whether there was excusable neglect which would justify setting aside the magistrate's judgment. The district court ruled from the bench, stating "if there was neglect, it was on the part of [Dial's] attorney." The court also ruled "that this probably would not rise to the level of excusable neglect."

Here, the Dials contend that the following facts show excusable neglect: (1) that they were served with a summons and a copy of the complaint on January 6 in Spokane, Washington; (2) that Dennis Dial "communicated" with his Washington attorney "giving him the Complaint that [Dial] had been served with;" (3) that Dennis Dial was "out-of-town" during the month of January; (4) that he was unable to contact his attorney or discuss the case with him prior to the time default was taken; (5) that he thought his attorney "had taken care of the matter and that a default would not be taken prior to [Dial's] having an opportunity to respond to the Complaint in Idaho"; (6) that he was not aware of the court date set for default; and (7) that a default was entered on January 28. The record shows that Dial filed a motion to vacate the default judgment on April 19. The motion was accompanied by an affidavit alleging a meritorious defense to the complaint.

Four days after the Dials were served with process, their Washington attorney wrote Marano's attorney on January 10, and informed him, essentially, that the Dials denied the major allegations of the complaint. The Dials' attorney requested that Marano's attorney convey to him "the basis for this lawsuit and how the fees [allegedly owed] were incurred." Marano's attorney replied with some detail in a two-page letter written January 12. The letter began by pointing out that only an Idaho attorney could enter a notice of appearance in an Idaho court on behalf of the Dials. Marano's attorney stated that he would "not be extending the default time in this matter beyond the date as laid out in the Summons,[1] unless there is an appearance from Idaho counsel." In closing, the letter said, "Again, let me remind you that when the statutory time period has expired, we will be taking default against Mr. Dial."

■ It is our opinion that the Dials have failed to show "excusable" neglect. It is not enough to merely show neglect—a party seeking relief from a default judgment must show that his neglect was *excusable*. The only fact alleged by the Dials which might show "excuse" was that Dennis Dial delivered the complaint to his Washington attorney. The question is thus whether the delivery of a complaint to one's attorney amounts to excusable neglect if no answer is filed and a default is taken. Under the particular facts of this case, we do not think so. Dial's affidavit does not disclose what he instructed the Washington attorney to do about the complaint. There is no indication in the record that Dial even discussed the matter with his attorney before "leaving town." Any attorney needs to discuss the case with his client in order to completely and accurately answer the complaint. Therefore, even had the attorney been legally authorized to file an answer in Idaho on behalf of his client, there would be no excuse. Finally, Dial's affidavit indicates that he knew he had to respond to the complaint in Idaho. Yet, while he left the matter in the hands of his attorney in Washington, he also apparently knew he would have to do something more in order to respond in Idaho. We cannot say Dial's conduct was that which might be expected of a reasonably prudent person under the same circumstances.

■ The Dials raise a final issue on appeal. They argue that the lack of a three-day notice of the application to take judgment requires that the judgment be set aside. *See* I.R.C.P. 55(b)(2). A prerequisite to the notice requirement, however, is an appearance in the action by the party against whom judgment by default is sought. This appearance need not be a formal appearance before the court. *See Newbold v. Arvidson*, 105 Idaho 663, 672 P.2d 231 (1983). In *Newbold*, the party against whom default was entered, Arvidson, visited the Newbolds' attorney at his office and later attended a deposition. This, according to the Idaho Supreme Court, was enough to constitute an appearance under I.R.C.P. 55(b)(2). *But see* dissent by Bakes, J. Evidently, "appearance" under 55(b)(2) is equated with "display[ing] an intent to defend against the action." *Id.* at 665, 672 P.2d at 233. This would seem to make almost any action, short of capitulation, an "appearance" for purposes of this rule. We cannot believe, however, that our Supreme Court intended so broad a reading as to emasculate the rule. Thus, we believe the key event in *Newbold* was Arvidson's attendance at a deposition of a person in Utah, after Arvidson received notice from plaintiff's counsel that the deposition would be taken. The deposition transcript showed that plaintiff's attorney acknowledged Arvidson was at the deposition representing himself. While we are constrained to recognize and follow *Newbold*, it does not require us to hold there was an "appearance" in the present case. There is no similar event in the present case. A single letter from the Washington

---

1. The summons directed defendants "to file a written answer or written motion in defense to the said Complaint ... within twenty days of the service ... [or] plaintiff will take judgment against you as prayed in said Complaint."

attorney cannot, in our opinion, constitute an appearance even under the liberal reading of that term advocated by a majority of the Idaho Supreme Court. Thus, the Dials were not entitled to the three-day notice required under some circumstances by I.R.C.P. 55(b)(2).

The order of the district court, upholding the magistrate's denial of the motion to set aside the default judgment, is affirmed. Costs to respondent, Marano.

WALTERS, C.J., concurs.

BURNETT, Judge, dissenting.

Upon the facts presented I would hold that "excusable neglect" has been shown under I.R.C.P. 60(b). Dennis Dial acted with reasonable prudence by furnishing his attorney the complaint served upon him. He did not exhibit indifference to the lawsuit, nor does it appear that he sought to delay an eventual decision in the case. His "neglect" consisted of placing excessive reliance upon an attorney who disserved him. I would deem such "neglect" to be "excusable."

At one time, I.C. § 5–905 mandated default judgments to be set aside for attorney neglect; and it authorized the imposition of sanctions against counsel. Following repeal of the statute in 1975, no consistent judicial policy evolved on relieving clients from the consequences of attorney neglect. Absent such a policy, I believe we should take our bearings from the general principle that "in doubtful cases, relief should be granted to reach a judgment on the merits." *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct.App.1983). *See also, e.g., Stoner v. Turner,* 73 Idaho 117, 247 P.2d 469 (1952); *Orange Transportation Company, Inc. v. Taylor,* 71 Idaho 275, 230 P.2d 689 (1951).

We recently had occasion to note that a request for relief from a default judgment "puts squarely in conflict the goals of [judicial] efficiency and substantive justice." *Stirm v. Puckett,* 107 Idaho 1046, 1048, 695 P.2d 431, 433 (Ct.App.1985). However, "[e]ven in this day of burgeoning case loads, we have not compromised Idaho's commitment to deciding cases on their merits." *Id.* at 1050, 695 P.2d at 435. I would adhere to that commitment today.