712 P.2d 745

James BULL, Plaintiff,

and

Victoria Bull, Plaintiff-Appellant-Cross Respondent,

v.

Robert LEAKE and Jean Leake, husband and wife, Defendants-Respondents-Cross Appellants.

No. 15996.

Court of Appeals of Idaho.

Jan. 2, 1986.

Reese E. Verner, Nampa, for plaintiff-appellant-cross respondent.

William A. McCurdy and Cheri Roberts-Nichols (argued), Quane, Smith, Howard & Hull, Boise, for defendants-respondents-cross appellants.

WALTERS, Chief Judge.

Victoria Bull appeals from an order of the district court denying her motion to set aside an order dismissing her suit against Robert and Jean Leake. Bull's attorney had been allowed to withdraw from the case and the court had ordered Bull to appoint new counsel or appear personally in the action within twenty days. I.R.C.P. 11(b)(3). When Bull failed to comply with the notice, the suit was dismissed. She moved unsuccessfully to have the dismissal set aside under I.R.C.P. 60(b). On appeal, Bull contends that the district court abused its discretion in failing to set aside the dismissal and that the dismissal violates her right to due process. The Leakes have cross-appealed, arguing that the district court should have granted their motion for summary judgment in the suit. We affirm for the reasons stated below.

The record reflects the following sequence of events. Bull and her then husband brought suit against the Leakes for damages, alleging defamation and malicious prosecution as the basis for the action. The Bulls claimed that the Leakes had maliciously filed a false child abuse report against them. After hearing, the

Leakes were granted partial summary judgment on the defamation issue, leaving the question of malicious prosecution to be decided. Bull's counsel was then granted permission to withdraw from the case under I.R.C.P. 11(b)(3). The district court ordered Victoria Bull "to appoint another attorney or to appear in person" by July 28, 1984. The order stated that failure to appoint another attorney or appear, "shall be sufficient grounds for dismissal of the action with prejudice, without further notice." I.R.C.P. 11(b)(3). The order was mailed to Bull's residence in New Hazelton, British Columbia. At a subsequent hearing in this case, Bull represented that it takes approximately two weeks for regularly posted mail from Idaho to reach New Hazelton and that special delivery mail sent from New Hazelton to Idaho took only four days to reach the addressee.

Bull was not in Canada but was visiting in Idaho when she learned on August 9, 1984, that her attorney had withdrawn from the case. She then spoke with two deputy district court clerks, the judge's secretary, and the judge himself. She testified that she had indicated to them her intent to continue with the suit but she did not file a written appearance. The next day she asked her present counsel, Reese Verner, to prepare and mail to her the appropriate court documents which would allow her to represent herself. When she returned home on August 15, 1984, Bull found the court's 11(b)(3) order. Although he was unaware of the court's 11(b)(3) order, Verner "became concerned about a default, or the matter being dismissed for failure to appear." He advised Bull in an August 31 letter to immediately file a written notice of appearance with the district court. Bull indicated she received this letter on September 12. She obtained and signed a blank "Notice to Appear" and mailed it to Verner instead of mailing it to the court. He received this on approximately September 18. On that day, he called the clerk of the district court and advised the clerk that Bull intended to represent herself. He told the clerk that Bull would be filing the necessary papers "with-

in the next two weeks or so." Simultaneously, the Leakes filed a motion to dismiss the suit. The motion was granted and on September 19 the clerk telephoned Verner and informed him that the case had been dismissed.

Acting pro se, Bull then moved to have the dismissal set aside under I.R.C.P. 60(b). She indicated that she had told the court personnel of her intent to continue the suit. She advised the court that she found the Rule 11(b)(3) notice when she arrived home in Canada. She stated that the "reason I didn't make the appearance was because I didn't know that I had a time limit.... This is why I wanted the judgment set aside." The court determined that Bull's failure to comply with the written notice was not excusable neglect. The district court also stated that the notice required a written appearance and Bull's conversations with court personnel did not meet this requirement. Bull's subsequent motion to reconsider the dismissal was denied and she now appeals to this Court.

We begin our review by examining Rule 11(b)(3). This rule provides that, following the required notice, a party's failure to "serve an additional written appearance in the action either in person or through a newly appointed attorney within such twenty day period, ... shall be sufficient ground for ... dismissal of the action of such party, with prejudice, without further notice." Although the dismissal of a case with prejudice is the most severe sanction that a court may apply, *Kirkham v. 4.60 Acres of Land*, 100 Idaho 781, 605 P.2d 959 (1980), the rule provides for such action. Courts have the "inherent power to establish reasonable rules to manage their own affairs and achieve the orderly and expeditious disposition of cases." *Sherwood & Roberts, Inc. v. Riplinger*, 103 Idaho 535, 540, 650 P.2d 677, 682 (1982).

In *Riplinger*, the Court found that Rule 11(b)(3) permits the entry of a default judgment when the defendant failed to file a written notice of appearance or appoint new counsel within the prescribed time lim-

it. The Court held that the defendant was not denied due process when Riplinger failed to comply with the Rule and a default judgment was entered against him. The Court also held oral communication with the clerk of the court did not constitute a written appearance as contemplated by the Rule. *Id.* at 539, 650 P.2d at 681. In the present case, Bull acknowledged that she became aware of the notice on August 15. Counsel's letter received on September 12 also advised her to file a notice of appearance immediately. Bull did not follow the instructions in the notice or Verner's advice and the suit was dismissed a week later. We conclude that Bull received adequate prior notice of the dismissal and the dismissal did not violate her right to due process. *Id.* at 538, 540, 650 P.2d at 680, 682.

■ Bull next asserts that the district court abused its discretion when it refused to set aside the dismissal. The decision whether to grant a motion to set aside a dismissal order under Rule 60(b) is committed to the sound discretion of the trial court, and such decision will not ordinarily be disturbed on appeal in the absence of a manifest abuse of discretion. *See Shelton v. Diamond International Corp.,* 108 Idaho 935, 703 P.2d 699 (1985); *Catledge v. Transport Tire Co.,* 107 Idaho 602, 691 P.2d 1217 (1984); *Omega Alpha House Corp. v. Molander Associates, Architects,* 102 Idaho 361, 630 P.2d 153 (1981); *Marano v. Dial,* 108 Idaho 680, 701 P.2d 300 (Ct.App.1985); *Johnson v. Pioneer Title Co.,* 104 Idaho 727, 662 P.2d 1171 (Ct.App. 1983). A motion for relief from an order or judgment invokes both the fact-finding and law-applying functions of the trial court. "It requires the court to determine the facts concerning the circumstances of the [dismissal], and to apply the criteria of I.R.C.P. 60(b) to the facts found." *Shelton,* 108 Idaho at 937, 703 P.2d at 701, *quoting Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 325, 658 P.2d 992, 996 (Ct.App.1983). Where (1) the trial court makes findings of fact which are not clearly erroneous; (2) the court applies the proper criteria under I.R.C.P. 60(b); and (3) the

court's legal conclusions follow logically from the application of such criteria to the facts found, then the court will be deemed to have acted within its sound discretion. *Id.* at 938, 703 P.2d at 702. But where the trial court has made neither findings nor stated specific reasons for its ruling on the motion to set aside an order or judgment, an appellate court is "at liberty to form [its] own impressions from the record and to exercise [its] own discretion" in determining whether the dismissal should be set aside. *Marano,* 108 Idaho at 681, 701 P.2d at 301, *quoting Johnson,* 104 Idaho at 732, 662 P.2d at 1176. *See Southern Idaho Production Credit Association v. Gneiting,* 109 Idaho 493, 708 P.2d 898 (1985). Thus, our first task is to determine whether the court made findings or provided its rationale for its decision.

■ Although the district court did not make written findings of fact or conclusions of law, I.R.C.P. 52(a), the court did specifically address Bull's reasons for not complying with the court's Rule 11 order, when the court ruled from the bench at the close of the hearing on the motion to set aside the dismissal. The court found Bull's claim that she was unaware of the time requirement did not constitute excusable neglect under Rule 60(b). Excusable neglect is determined by examining what a reasonably prudent person would do under similar circumstances. *Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979); *Marano,* 108 Idaho at 301, 701 P.2d at 301; *Johnson,* 104 Idaho at 732, 652 P.2d at 1176.

■ As previously stated, Bull became aware of the notice when she returned home—a full month before the dismissal. The court noted that "under the law, where a person gives an address, the fact that they're not home and do not receive their notices is not legally a valid excuse for not knowing about the time." Although we do not necessarily share the judge's view that absence from home is "not legally a valid excuse," we do agree with his ultimate determination, in light of all the circum-

stances, Bull's conduct was not reasonably prudent given the circumstances of this case.

Accordingly, the trial court's determination that Bull did not act reasonably when notified of the requirement to appear or to appoint new counsel will be upheld. We conclude that the district court did not abuse its discretion in failing to set aside the dismissal of Bull's suit. Because we determine that the district court did not abuse its discretion, we need not address the Leakes' contention on cross-appeal that they should have been granted summary judgment on the remaining issue of malicious prosecution. The district court's order is affirmed. Costs to the Leakes; no attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.