617 P.2d 858

## The CREDIT BUREAU, INCORPORATED of GEORGIA, dba CBI Collections, Plaintiff–Respondent,

v.

## Verdie Mae HARRISON, aka Vera Harrison, Defendant–Appellant.

### No. 13485.

Supreme Court of Idaho.

Oct. 8, 1980.

Graydon W. Smith, Boise, for defendant–appellant.

William F. Lee, Boise, for plaintiff–respondent.

PER CURIAM.

Defendant–appellant Verdie Mae Harrison seeks reversal of the district court's denial of her application to vacate and set aside a default judgment in a debt collection action and cancel the writ of execution issued thereunder. Attorney fees and costs are also sought. The district court's denial is based on its finding that contrary to appellant's allegations, she had been duly served with process in the action.

Defendant–respondent The Credit Bureau (Credit Bureau) filed in Idaho district court an action against defendant–appellant Verdie Mae Harrison (Mrs. Harrison) and her former husband to collect upon a debt. On March 10, 1979, service in that action was allegedly made upon Mrs. Harrison by a process server as directed by Credit Bureau. An affidavit of service was filed with the district court. Neither Mrs. Harrison nor her former husband appeared in the collection action and a default judgment was entered. Credit Bureau procured a writ of execution followed by a sheriff's levy upon certain property of Mrs. Harrison.

Pending the sheriff's sale, Mrs. Harrison initiated this proceeding to set aside the default judgment alleging lack of personal service and lack of jurisdiction. Her contention was that she had never received service and knew nothing of the underlying debt collection until issuance of the writ of execution. The district court, following a hearing, denied the application to set aside the default, and Mrs. Harrison appeals.

The central issue on appeal is whether the district court abused its discretion in denying the application to set aside the default judgment where the return of service indicates service of process but where the appellant contends that she never received service, that she knew nothing of the action and that the return is defective on its face. We find there was no abuse of discretion and affirm the district court.

Simply put, the question is who to believe—the process server, whose return and subsequent testimony indicate service, or the appellant, who contends no service.

In the hearing on this application to set aside the default, both parties pursuant to I.R.C.P. 6(c)(4), elected to produce oral testimony at the hearing, choosing not to submit the matter solely upon affidavits.

In general, an application to set aside a default judgment is addressed to the sound legal discretion of the trial court, and that court's decision will not be reversed unless it clearly appears that there has been an abuse of discretion. I.R.C.P. 52(a), 55(c), 60(b); *Hearst Corp. v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979); *Radioear Corp. v. Crouse*, 97 Idaho 501, 547 P.2d 546 (1976); *Fisher v. Bunker Hill Co.*, 96 Idaho 344, 528 P.2d 903 (1974).

Such an application initially presents questions of fact to be determined by the trial court, *Hearst Corp. v. Keller, supra*, and the findings as to those questions will not be set aside unless clearly erroneous. I.R.C.P. 52(a). Moreover, as pointed out above, at the hearing in the instant case, both sides presented oral testimony. The rules of civil procedure clearly indicate that regard is to be given to the special opportunity of the trial court to judge the credibility of witnesses who appear personally before it. I.R.C.P. 52(a). Where there exists sufficient evidence in the record to support the lower court's findings on credibility, this Court sitting without the firsthand observation necessary to evaluate witness credibility, will not set aside those findings. *Rosecrans v. Intermountain Soap & Chemical Co., Inc.*, 100 Idaho 785, 787, 605 P.2d 963, 965 (1980) (specifically applying I.R.C.P. 52(a)). *See Higginson v. Westergard*, 100 Idaho 687, 604 P.2d 51 (1979).

We have reviewed the record and conclude that the district court's findings are not clearly erroneous and are supported by substantial and competent, albeit conflicting, evidence. Although Mrs. Harrison and other witnesses maintained that she was in Mountain Home at the time service was allegedly made upon her in Boise, there exists sufficient evidence in the record, including the testimony of the process server, to support the court's finding that Mrs. Harrison was duly served with process. We therefore affirm the district court's denial of the motion to set aside the default judgment.

Appellant also maintains that the return of service in this case is defective on its face. We have examined the return as it appears in the record and find it to be substantially in compliance with the requirements of I.R.C.P. 4 and therefore not defective on its face. The filling out of the return may have created some ambiguity, but we find sufficient evidence clarifying any such ambiguity so that the district court could properly conclude that there had been personal service.

One other issue is raised by the appellant on appeal: that there is no valid summons in the record and that the return of service not accompanied by a valid summons fails to furnish sufficient grounds to sustain the action of the district court. Certainly, I.R.C.P. 4(g)(7) requires that the original summons shall be attached to any return of service. However, notwithstanding that this issue was not raised at the district court and appears first on appeal, it is well settled that error will not be presumed, but must be shown affirmatively by the appellant on the record. *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976); *Glenn Dick Equipment Co. v. Galey Construction, Inc.*, 97 Idaho 216, 541 P.2d 1184 (1975); *Close v. Rensink*, 95 Idaho 72, 501 P.2d 1383 (1972). The burden is therefore upon the appellant to have presented to this Court a record sufficiently complete to support a specific allegation of error.

I.A.R. 17(h) requires that a notice of appeal contain a designation of documents to be included in the record in addition to those automatically included pursuant to I.A.R. 28. Rule 28(a) does not list the summons under automatic inclusion. The proper way for the appellant to have the summons included is to request it pursuant to Rule 28(b). Looking to the notice of appeal

filed in this action, we find that request was made only for the affidavit of service. The district court clerk's certificate to record listed only this affidavit, not the summons, and the appellant acknowledged service of a completed record. The appellant never requested that the summons be included in the record. She cannot be heard to say now on appeal that because there is no summons in the record, the return of service is invalid. The mere absence of the summons in the record, without a proper request for its inclusion by appellant, is insufficient ground upon which to base her allegation of error.

The action of the district court is affirmed. Costs are awarded to respondent. No attorney fees allowed.