702 P.2d 1377

**Glen HAWKES and Viola Hawkes, husband and wife, dba Hillcrest Dairy, Plaintiffs-Appellants,**

**v.**

**Jerry SPARKS and Clarence Sparks, dba Custom Cattle Care, Defendants,**

**and**

**Feed Service Corporation, a Nebraska Corporation, Defendant-Respondent.**

**No. 15405.**

Court of Appeals of Idaho.

July 9, 1985.

Mark J. Taylor, Rupert, for plaintiffs-appellants.

Robert M. Harwood, of Benoit, Alexander & Sinclair, Ketchum, for defendant-respondent.

Before HUNTLEY, Acting C.J., and McFADDEN and OLIVER, Acting JJ., Special Panel.

McFADDEN, Acting Judge.

This is an appeal from the district court's order setting aside a default judgment. Default judgment had previously been entered against appellant Feed Service Corporation (FSC) for $305,082 in a product liability action brought against it by dairy farmers Glen and Viola Hawkes. We affirm the order of the district court.

From September 30, 1978 to November 20, 1981, plaintiffs-respondents Hawkes, d/b/a Hillcrest Dairy purchased liquid feed supplement for their dairy cows from Jerry and Clarence Sparks, d/b/a Custom Cattle Care. The feed supplement was manufactured by defendant-respondent FSC, a Nebraska corporation. The supplement allegedly caused injury to a large number of

respondents' dairy cattle and caused a loss in milk production.

■ On May 3, 1983, respondents filed a complaint seeking to recover for these alleged damages against the sellers and manufacturer of the product. The complaint alleged breach of express and implied warranties, strict liability in tort, negligence, negligence per se, fraudulent misrepresentation, and requested punitive damages. A summons was issued June 3, 1983. The summons and complaint were not served on FSC until November 21, 1983, in order to give FSC's insurance company, Travelers Insurance Co., time to consider settlement possibilities. Defendants-sellers Sparks were never served with process. FSC was served with process on November 21, 1983 through Larry Stallard, Vice President of FSC. Stallard testified that when he was served with process in this case, he assumed the insurance company was already handling the defense and he thereafter left on a long vacation without notifying anyone of the service of process. The complaint was not answered within 20 days and upon plaintiff's motion, default judgment was entered on December 13, 1983. The judgment was for $305,082.[1]

FSC subsequently made a motion based upon I.R.C.P. 55(c), 60(b) to set aside the default judgment. The motion was accompanied by a proposed answer denying allegations of the complaint and also containing affirmative defenses. The district court granted FSC's motion to set aside the default.

■ Appellant alleges that no legal basis existed for setting aside the default judgment. We disagree. Rule 55(c) of the Idaho Rules of Civil Procedure authorizes the default judgment to be set aside when grounds for relief have been established under Rule 60(b). Under I.R.C.P. 60(b)(1), a court may relieve a party from a default judgment for reasons of mistake, inadvertence, surprise, or excusable neglect. The decision to grant or deny relief under I.R.C.P. 60(b) rests in the sound discretion of the district court, and its decision will not be overturned on appeal absent abuse. *Reeves v. Wisenor,* 102 Idaho 271, 629 P.2d 667 (1981).

The general standard for appellate review of a grant or denial from a default judgment is as follows:

"[I]f (a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found, then the court will be deemed to have acted within its sound discretion. Its decision will not be overturned on appeal." *Stirm v. Puckett,* 107 Idaho 1046, 695 P.2d 431 (Ct. App.1985) quoting *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983).

■ In this case, the district judge did not enter any formal findings of fact and made no determination relating to excusable neglect. However, the district judge's remarks at the conclusion of the hearing indicate that he was setting aside the default judgment based upon a mistake of fact on the part of Mr. Stallard. Findings

---

1. We note that the default judgment entered in this case fell short of complying with I.R.C.P. 54(c), which states:

    "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

    In this case, the default judgment was entered "in pursuance of the prayer of said Complaint." The complaint does not pray for specific damages, but for "damages in an amount reasonable in the premises, interest, costs and attorney fees, and such other relief as the Court deems just in the premises." The only evidence of plaintiffs' losses is contained in the affidavit of Glen Hawkes, which accompanied the application for default. The affidavit lists and requests damages which appear to be duplicative. This evidence is insufficient to establish the relief to which plaintiffs are entitled. We have no record of the default proceedings. We note that in this case the district court should have interrogated Glen Hawkes at the hearing in order to develop and determine the damages involved, so as to satisfy the demands of I.R.C.P. 54(c).

of fact and conclusions of law are unnecessary in support of a judgment by default. I.R.C.P. 52(a). However, where there are no such findings, this Court is not constrained by the deferential standard of review set forth above. *Stirm*, 107 Idaho at 1050, 695 P.2d at 435. Where the essential facts are not in dispute, this Court may exercise its own discretion in deciding whether the default judgment should be set aside. *Id.*, quoting *Johnson v. Pioneer Title Co. of Ada County*, 104 Idaho 727, 732, 662 P.2d 1171, 1176 (Ct.App.1983). We agree with the district court that the default judgment should be set aside, although not upon the mistake of fact theory, but upon the theory of excusable neglect.

■ As pointed out in *Stirm, supra*, mistake and excusable neglect can overlap. We hold that the record in this case establishes excusable neglect on the part of Stallard. Excusable neglect under I.R.C.P. 60(b)(1) is conduct as might be expected of a reasonably prudent person under the same circumstances. *Hearst Corp. v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979); *Marano v. Dial*, 108 Idaho 680, 701 P.2d 300 (Ct.App.1985). At the hearing on defendant's motion, Stallard testified that when he was served with process in November 1983, he noted the June 3, 1983 date on the summons, flipped through the complaint, and noticed it was dated April 29, 1983. He testified that he thought the matter was being or had been handled by FSC's insurance company; that the insurance company had 20 days from June 3, 1983 to act; and that the documents were part of a case that was already being taken care of because of the six month delay between the dates on the documents and the date of service. The record does not demonstrate that Stallard exhibited indifference to the lawsuit or that he attempted to delay an eventual decision in the case. The district court found Stallard's explanation of his actions to be plausible. This Court must give deference to the special opportunity of the district court to judge the credibility of the witnesses who appear personally before it. *Credit Bureau, Inc. of Georgia v. Harrison*, 101 Idaho 554, 617 P.2d 858 (1980); I.R.C.P. 52(a). The district court's order setting aside default is in keeping with the general policy in Idaho that, in doubtful cases, relief should be granted to reach a judgment on the merits. *Stirm, supra; Avondale, supra*. An adequate legal basis exists for setting aside the default judgment.

■ Appellant also alleges that the district court erred in setting aside the default judgment because the respondent failed to demonstrate a meritorious defense. This Court has held that in addition to meeting the requirements of I.R.C.P. 60(b), a party seeking to set aside a default judgment must show a meritorious defense going beyond the mere notice requirements which would be sufficient if pled before default. *Reeves v. Wisenor*, 102 Idaho 271, 629 P.2d 667 (1981).

■ The district court found sufficient grounds in the respondent's proposed answer and supporting testimony to establish a meritorious defense. As proof of the fact that there was, as alleged in the proposed answer, no basis for appellant's complaint against respondent, the district court relied on the fact that of the approximately 1,100 dairy farm customers of FSC, only three complaints were ever submitted to FSC regarding the product. Our focus on appeal is on whether these facts provide a reasonable inference that respondent has a meritorious defense to the action, sufficient to warrant examining the case upon its merits. We hold that they do insofar as the issues on this appeal are concerned, and again note this Court's duty to give credence and deference to the district court's ruling on the existence of a meritorious defense.

The order of the district court is affirmed. Costs to respondent. No attorney fees on appeal.

HUNTLEY, Acting C.J., and OLIVER, Acting J., concur.