704 P.2d 350

Vernon I. HERZINGER and Betty J. Herzinger, husband and wife, Plaintiffs-Respondents,

v.

LOCKWOOD CORPORATION, a foreign corporation; Lockwood Corporation, an Idaho corporation; and Lockwood Graders of Idaho, Inc., an Idaho corporation, Defendants-Appellants.

No. 15331.

Court of Appeals of Idaho.

July 30, 1985.

Lloyd J. Webb, of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for defendants-appellants.

John M. Melanson, of Weaver & Dykas, Buhl, for plaintiffs-respondents.

Before BAKES, Acting C.J., and McFADDEN, and OLIVER, Acting JJ.

BAKES, Acting Chief Judge.

This is an appeal from the denial of Lockwood's motion to set aside a default judgment. We reverse.

On March 30, 1983, the Herzingers filed a complaint against Lockwood Corporation, a Nebraska corporation; Lockwood Corporation, an Idaho corporation; and Lockwood Graders of Idaho, Inc., an Idaho corporation. No service of the summons and complaint was made on any of the defendants by the Herzingers. On April 27, 1983, the Herzingers filed a "first amended complaint." On the same day, "another summons" was issued on the "first amended complaint." Regarding service of the "first amended complaint," one copy of the "another summons" was returned to the court with an Ada County sheriff's "not found" return, as to Lockwood Corporation. Another copy was returned "return on another summons," showing service of process upon Lockwood Corporation by delivery to C.T. Corporation System. Still another summons was returned with the heading "return on another summons," claiming service upon Lockwood Graders of Idaho, Inc., by delivery to C.T. Corporation System. Thus, service upon Lockwood Corporation and Lockwood Graders of Idaho, Inc., was attempted through service on C.T. Corporation System on May 17, 1983.

C.T. Corporation System forwarded the "another summons" and the "first amended complaint" directed to Lockwood Corporation to John Low, a Denver attorney who

represented Lockwood Corporation. Low then sent a copy of the "first amended complaint" and "another summons" to Lockwood Corporation, along with a letter stating, "It appears from the pleadings that this is a matter which is already pending against Lockwood Corporation. Presumably Lockwood has Idaho counsel representing it in these proceedings. If not, a responsive pleading is due within twenty days of May 17th." This letter and its attachments were subsequently received by Leslie Jones, vice-president of engineering for Lockwood Corporation. Because the complaint served was labeled "first amended complaint," Jones assumed that an appearance had already been made by Lockwood's product liability insurer who would be defending the case. Based on this assumption, Jones made no further arrangements to obtain representation in Idaho.

On June 17, 1983, an "order for default" was entered against Lockwood Corporation. On June 20, a default hearing was held, with a default judgment in the amount of $33,335.38 plus costs and attorney fees being entered on September 6, 1983.

Notice of this default judgment was received by Lockwood Corporation on September 14, 1983, and the actual judgment was received by the corporation on September 15, 1983. The corporation immediately contacted its Denver counsel, who in turn contacted Idaho counsel to represent Lockwood Corporation. On September 15, Lockwood's Idaho counsel filed a motion to set aside the default judgment, alleging defects in the service of process and, pursuant to I.R.C.P. 60(b), excusable neglect on the part of the officers of Lockwood Corporation. The district court denied this motion "having found there was no excusable neglect on the part of the defendants" and that service of process was sufficient. Lockwood Corporation's motion to reconsider was also denied. Lockwood now appeals this denial.

"A motion to set aside a default judgment is addressed to the sound legal discretion of the trial court, whose decision will not be reversed in the absence of abuse of that discretion." *Newbold v. Arvidson*, 105 Idaho 663, 664, 672 P.2d 231, 232 (1983). Recently we decided *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 658 P.2d 992 (Ct.App.1983), which applied the same standard to cases where the trial court's decision is based wholly on documentary evidence. *See also Shelton v. Diamond Intl. Corp.*, 108 Idaho 935, 703 P.2d 699 (1985). Applying this standard to the facts of this case, we conclude that the district court erred in refusing to grant Lockwood's motion to overturn the default judgment.

Lockwood's primary argument here is that the district court erred in refusing to set aside the default judgment on the basis of excusable neglect, pursuant to I.R.C.P. 60(b), on the part of Lockwood Corporation's officers. Whether a party's conduct in allowing a default to be entered constitutes "excusable neglect" raises a factual question which must be answered by examining what might be expected of a reasonably prudent person under similar circumstances. *Reeves v. Wisenor*, 102 Idaho 271, 629 P.2d 667 (1981); *Johnson v. Pioneer Title Co. of Ada County*, 104 Idaho 727, 732, 662 P.2d 1171, 1176 (Ct.App.1983). In determining whether a party's conduct constitutes "excusable neglect" we must weigh each case in light of its unique facts. *Johnson v. Pioneer Title Co. of Ada County, supra.* Looking at this case in light of its unique facts, and keeping in mind that judgments by default are not favored in the law, it is apparent that Lockwood Corporation's employee Jones failed to obtain Idaho counsel immediately after receiving the "first amended complaint" and "another summons" only because he assumed that the "first amended complaint" concerned a pending matter already being defended by Lockwood's product liability insurer. The defendant Lockwood had nothing to do with the unusual circumstance which resulted in the first amended complaint being filed and served before the original complaint was served. Under the facts of this case, we believe that a reasonably prudent person might draw the same

**20**

conclusion which Jones drew. Accordingly, we conclude that the district court's refusal to find excusable neglect was erroneous, and that Lockwood Corporation's failure to respond was excusable neglect under I.R.C.P. 60(b). This case is quite similar to our recent decision in *Sysco Intermountain Food Service v. City of Twin Falls*, 109 Idaho 88, 705 P.2d 548 (Ct.App. July 18, 1985), in which the default judgment was also set aside.

In addition to meeting the requirements of I.R.C.P. 60(b), a party seeking to set aside a default judgment must show a meritorious defense going beyond the mere notice requirements which would be sufficient if pleaded before default. *Reeves v. Wisenor, supra; Hearst Corp. v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979). Having fully reviewed the record, it is clear that Lockwood Corporation has alleged several defenses which, if proven, would be sufficient.

Lockwood also alleges that the default judgment should be set aside because of defects in the service of process. Having concluded that the trial court erred in not setting aside the default because of excusable neglect under I.R.C.P. 60(b), we do not address Lockwood's claims regarding defects in the service of process.

Accordingly, we reverse the decision of the district court and remand with instructions to set aside the default judgment and to allow the filing of Lockwood Corporation's answer.

Reversed. Costs to appellant. No attorney fees allowed.

McFADDEN and OLIVER, Acting JJ., concur.