955 P.2d 113

**Franklin LITZ, Plaintiff–Appellant,**

v.

**Richard J. ROBINSON, M.D.; and Thomas J. Coffman, M.D., Defendants–Respondents.**

No. 23181.

Court of Appeals of Idaho.

Dec. 4, 1997.

Rehearing Denied April 9, 1998.

Review Denied May 18, 1998.

Daniel L. Hawkley, Boise, for appellant.

Quane, Smith, Howard & Hull, Boise, for respondent Robinson. Bruce R. McAllister argued.

Hall, Farley, Oberrecht & Blanton, Boise, for respondent Coffman. Steven J. Hippler argued.

PERRY, Judge.

In this appeal, we are asked to review the district court's order granting summary judgment in favor of two doctors. We affirm.

I.

**BACKGROUND**

The following background is taken from the district court's order granting the doctors' motions for summary judgment:

The plaintiff, Frank Litz, is the husband of Dorothy L. Litz. He is appearing in this action *pro se.* Mrs. Litz was admitted to St. Luke's hospital on March 12, 1994

with chronic obstructive pulmonary disease. She died on March 17, 1994. Mr. Litz alleges that the defendants breached their duties as physicians by wrongfully withholding life sustaining procedures.

Frank Litz was originally represented by counsel. Counsel was allowed to withdraw and Litz proceeded pro se. Richard J. Robinson, M.D. and Thomas J. Coffman, M.D. subsequently moved for summary judgment and submitted their own affidavits in support of their motions. Litz responded to the doctors' motions and submitted his own affidavit. The district court held a hearing on the motions on June 3, 1996, and, following argument, informed the parties that a written decision would be rendered. Litz subsequently submitted an affidavit of his daughter, Ilona Warden, on June 13, 1996. In its July 23, 1996, decision and order, the district court found that the doctors' motions were properly supported and that the burden was shifted to Litz to support his claim with expert testimony which satisfied the requirements of I.C. §§ 6–1012 and 6–1013. The district court found that Litz failed to produce such expert testimony and granted the doctors' motions for summary judgment. Litz timely appealed, claiming that because his cause of action was based on a claim for the intentional infliction of emotional distress, I.C. §§ 6–1012 and 6–1013 were inapplicable. Litz also asserts that I.C. § 39–4303 did not immunize the doctors from liability.

## II.

## DISCUSSION

▌ We first note that pro se litigants are "held to the same standards and rules as those represented by an attorney." *Golay v. Loomis,* 118 Idaho 387, 392, 797 P.2d 95, 100 (1990), *quoting Golden Condor, Inc. v. Bell,* 112 Idaho 1086, 1089 n. 5, 739 P.2d 385, 388 n. 5 (1987); *Department of Law Enforcement v. One 1990 Geo Metro,* 126 Idaho 675, 681, 889 P.2d 109, 115 (Ct.App.1995). Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether

a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.,* 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

▌ Litz bases his arguments on appeal on his contention that his cause of action was a claim for the intentional infliction of emotional distress. The doctors, however, rebut Litz's contention and argue that Litz's claim, as pled in his complaint, was based on a claim of negligence. If Litz's claim was based on negligence, as the doctors contend, it is uncontroverted that Litz would have been required to comply with I.C. §§ 6–1012 and 6–1013. *See Maxwell v. Women's Clinic, P.A.,* 102 Idaho 53, 56, 625 P.2d 407, 410 (1981) (To preclude summary judgment in a medical malpractice case, the plaintiff must show that expert testimony has been offered which indicates that the defendant has negligently failed to meet the applicable standard of health care practice in the community.).

On review of Litz's complaint, we note that significant portions of Litz's cause of action contained language consistent with a claim of negligence. For example, in Litz's complaint, he claimed:

5. The Defendants had a *duty* to let Dorothy L. Litz make the decision with respect to withholding or withdrawing life sustaining procedures, or, if her condition precluded her from making said decision, the Defendants had a *duty* to fully inform the Plaintiff of his wife's condition and allow him the make the decision, and Defendants *breached that duty* when they failed to allow Plaintiff's deceased wife or the Plaintiff to make that decision.

6. The Defendants had a further *duty* to inform the Plaintiff's now deceased wife

and/or the Plaintiff of their decision to place his now deceased wife in a "no code" status, which status resulted in the withholding of life sustaining procedures, which *duty* the Defendants *breached* when they wrongfully failed to disclose their decision to the Plaintiff.

7. As a *direct and proximate cause* of the Defendants' *breaches of duty,* which *breaches* the Defendants attempted to mask with false entries in the medical records, the Plaintiff has suffered severe emotional distress. [Emphasis added.]

In two subsequent documents filed with the court—a response to the doctors' motions for summary judgment and Litz's affidavit, Litz continued to present his cause of action in terms consistent with a claim of negligence. At the June 3, 1996, hearing on the doctors' motions for summary judgment, Litz spoke on his own behalf. However, Litz's argument provided no guidance in framing Litz's claim or in rebutting the doctors' motions for summary judgment. Finally, on July 12, 1996, Litz submitted a document opposing the doctors' motions for summary judgment, alleging that I.C. § 6–1012 did not apply in this case and that his claim was based on an intentional tort rather than negligence.

Reviewing the portions of Litz's complaint, along with the subsequent documentation he submitted to the district court prior to the district court's hearing on the doctors' motions, we conclude that the language contained within the pleadings supporting Litz's cause of action was based on the traditional notions of negligence—duty, standard of care, breach, causation and damages. Accordingly, we conclude that Litz was required to comply with I.C. §§ 6–1012 and 6–1013. Litz's later attempt to escape the requirements of I.C. §§ 6–1012 and 6–1013 by artfully labeling his cause of action as a claim for the intentional infliction of emotional distress is not persuasive in consideration that the underlying nature of Litz's claim, as pled in his complaint and in further documentation submitted to the district court, was inextricably intertwined with a claim of negligence. *See Trimming v. Howard,* 52 Idaho 412, 16 P.2d 661 (1932) (Although appellant argued that his action against a doctor was based on a contract, on reviewing the complaint and the gravamen of the action, the court held that because the cause of action sounded in tort, the suit was based on malpractice.).[1]

Idaho Code Section 6–1012[2] requires that in any claim for damages due to injury to or

---

1. *See also Sellers v. Edwards,* 289 Ala. 2, 265 So.2d 438, 440 (1972) ("The form of the action is not the decisive test in actions against physicians, surgeons and dentists for malpractice. The decisive test is the substance of the action."); *Central Pathology Serv. Med. Clinic, Inc. v. Superior Court,* 3 Cal.4th 181, 10 Cal.Rptr.2d 208, 832 P.2d 924, 931 (1992) (In a medical malpractice case, the identification of the cause of action as an intentional tort as opposed to negligence is not controlling; rather, the allegations identifying the nature and cause of the plaintiff's injury must be examined.); *Manning v. Twin Falls Clinic & Hosp., Inc.,* 122 Idaho 47, 830 P.2d 1185 (1992) (medical malpractice case which included a claim for the intentional infliction of emotional distress); *Goicochea v. Langworthy,* 345 Md. 719, 694 A.2d 474, 478–79(Md.), *cert. denied* —— U.S. ——, 118 S.Ct. 321, 139 L.Ed.2d 249 (1997) (Whether the Health Care Malpractice Claims Act is implicated for cases involving allegations of intentional torts committed by health care providers depends not on the label given to the tort, but on the factual context in which the tort was allegedly committed.).

2. Idaho Code Section 6–1012 reads:
   In any case, claim or action for damages due to injury to or death of any person, brought

against any physician and surgeon or other provider of health care, including, without limitation, any dentist, physicians' assistant, nurse practitioner, registered nurse, licensed practical nurse, nurse anesthetist, medical technologist, physical therapist, hospital or nursing home, or any person vicariously liable for the negligence of them or any of them, *on account of the provision of or failure to provide health care or on account of any matter incidental or related thereto,* such claimant or plaintiff must, as an essential part of his or her case in chief, affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided, as such standard existed at the time and place of the alleged negligence of such physician and surgeon, hospital or other such health care provider and as such standard then and there existed with respect to the class of health care provider that such defendant then and there belonged to and in which capacity he, she or it was functioning. Such individual providers of health care shall be judged in such cases in comparison with

death of any person brought against any physician, surgeon or other provider of health care, the plaintiff must, as an essential part of his or her case in chief, affirmatively prove by direct expert testimony that such defendant negligently failed to meet the applicable standard of health care practice of the community. This requirement includes the provided care, the failure to provide care and "any matter incidental or related thereto." Idaho Code Section 6–1013 provides, in part:

> .[E]xpert testimony may only be admitted in evidence if the foundation therefor is first laid, establishing (a) that such an opinion is actually held by the expert witness, (b) that the said opinion can be testified to with reasonable medical certainty, and (c) that such expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable said community standard to which his or her expert opinion testimony is addressed.

Therefore, when the doctors submitted affidavits sufficient to support their motions for summary judgment, which Litz has not challenged in this appeal, the burden was shifted to Litz to support his claim with direct expert testimony that satisfied the requirements of I.C. §§ 6–1012 and 6–1013. *See Maxwell*, 102 Idaho at 56, 625 P.2d at 410.

■ Litz provided his own affidavit and Warden's affidavit in which she identified herself as an "Emergency Medical Technician Ambulance" and "CNA home healthcare professional." Neither Litz nor Warden would be considered an expert witness for the purposes of I.C. §§ 6–1012 and 6–1013 in this case. Thus, Litz did not provide expert testimony which met the requirements of I.C. §§ 6–1012 and 6–1013 as to the applicable standard of health care practice in the community. Additionally, Litz does not assert that the doctors provided expert testimony which would have satisfied

Litz's burden to prove that either of the doctors negligently failed to meet the applicable standard of health care practice in the community.

Thus, we conclude that, under the facts as pled in this particular case, Litz cannot avoid the requirements of I.C. §§ 6–1012 and 6–1013 by claiming his action is based on an intentional tort rather than negligence. Accordingly, the district court's order granting summary judgment is affirmed. Based on our decision, we do not need to address whether I.C. § 39–4303 immunized the doctors from liability. Costs are awarded to respondents, Robinson and Coffman. No attorney fees are awarded as none were requested.

LANSING, C.J., and SCHWARTZMAN, J., concur.

---

similarly trained and qualified providers of the same class in the same community, taking into account his or her training, experience, and fields of medical specialization, if any. If there be no other like provider in the community and the standard of practice is therefore indeterminable, evidence of such standard in simi- lar Idaho communities at said time may be considered. As used in this act, the term "community" refers to that geographical area ordinarily served by the licensed general hospital at or nearest to which such care was or allegedly should have been provided. (emphasis added).