967 P.2d 1075

Rian DANZ, Plaintiff–Respondent,

v.

William M. LOCKHART, Defendant–Appellant.

and

William W. Barnes and Gayle A. Barnes, husband and wife, and Dana Lyons, And White Cloud Properties, Inc., an Idaho corporation, dba Bitterroot–whitecloud Properties, Defendants.

No. 23658

Court of Appeals of Idaho.

Nov. 6, 1998.

Simon & Donohoe, Ketchum, for appellant. Edward Simon argued.

Hogue, Speck & Aanestad, P.A., Ketchum, for respondent. Douglas James Aanestad argued.

LANSING, Chief Judge.

This is an appeal from an order declining to vacate a default judgment against William M. Lockhart. Lockhart moved to set aside the judgment on the basis of excusable neglect, pursuant to I.R.C.P. 60(b)(1). We conclude that the district court did not abuse its discretion in denying Lockhart's motion.

## BACKGROUND

This case arises from the sale of a condominium in Blaine County. From 1978 to 1995, Lockhart, a California resident, co-owned the condominium with William and Gayle Barnes. On August 1, 1995, Lockhart transferred his interest to the Barneses by quitclaim deed. The deed exempted from the sale certain items of Lockhart's personal property "such as, artifacts, household furnishings or any other personal items," and granted use of the condominium to Lockhart for two weeks in December 1995. On August 31, 1995, Lockhart executed another quitclaim deed which recited that it was given to

relinquish the right of two weeks' use in December 1995 that was reserved in the first deed. The second quitclaim deed did not contain the express exclusion of items of personal property that was contained in the first deed.

In September 1995, the Barneses sold the condominium to Rian Danz. The sale contract apparently specified that the sale would include certain furnishings, art work and other personal property then located in the condominium. When Lockhart learned of this sale, he removed his personal property from the premises. Danz, however, took the position that the removed items had been purchased by him and had been wrongfully taken by Lockhart. Danz's attorney therefore wrote a letter to Lockhart's attorney, Stephen Odgers, in Claremont, California, demanding return of the missing items and repair of damage to the condominium allegedly caused during their removal. In January 1996, Odgers contacted Danz's attorney by telephone. During that conversation he indicated that he was not authorized by Lockhart to accept service of any complaint that might be filed by Danz, and he declined to give Lockhart's address to Danz's attorney.

Danz's attorney received no further response to his demand letter, and in April 1996, he filed a complaint against Lockhart and others, claiming $20,000 in damages. After obtaining an order allowing personal service outside the state of Idaho, Danz's attorney sent the summons and complaint to a process server for service at what the attorney believed to be Lockhart's last known address on West Bonita Street in Claremont, California. However, when service was attempted at the address on May 8, 1996, the process server learned that it was the location of a law office and that persons there denied any knowledge of Lockhart. According to the process server's return, he then called a telephone number known to be that of "Lockhart Corporation" and asked for a physical address. The person who answered the telephone for Lockhart Corporation responded with the same address on West Bonita. Having found no address where Lockhart could be located, the process server returned the summons and complaint to Danz's attorney without personal service having been accomplished. On May 20, 1996, Danz's attorney received a letter from Lockhart dated February 28, 1996, in which Lockhart denied that the personal property removed by him had been included in the sale of the condominium unit. This letter gave a post office box in Claremont as Lockhart's address. The next day, Danz's attorney sent a copy of the summons and complaint by certified mail to that post office box address, but it was returned to him "unclaimed" on June 28, 1996. On May 21, Danz's attorney also obtained an order authorizing service by publication, and he thereafter arranged for publication of the summons in a Claremont newspaper. About the same time, he sent a copy of the summons and complaint to Odgers, requesting that he accept service on Lockhart's behalf. Odgers responded with a letter that denied authority to accept service for Lockhart. Following completion of the service by publication, Danz applied for and obtained a default judgment against Lockhart.

On August 27, 1996, the court clerk mailed a copy of the judgment to Lockhart at the post office box in Claremont, California. This copy of the default judgment was not returned to the court by the postal service. In late September 1996, Lockhart contacted an Idaho attorney regarding the default judgment, but the attorney declined to represent Lockhart due to a conflict of interest. In early October, Lockhart contacted another attorney who, on December 16, 1996, filed a motion to set aside the default judgment pursuant to Idaho Rule of Civil Procedure 60(b)(1) on the ground of excusable neglect. The district court denied the motion. From that order, Lockhart takes this appeal.

## ANALYSIS

A trial court's decision on a motion for relief from a default judgment will not be set aside on appeal in the absence of an abuse of discretion. *Catledge v. Transport Tire Co., Inc.*, 107 Idaho 602, 607, 691 P.2d 1217, 1222 (1984); *Kovachy v. DeLeusomme*, 122 Idaho 973, 974, 842 P.2d 309, 310 (Ct. App.1992). If the trial court makes findings

of fact that are not clearly erroneous, applies to those facts the proper criteria under Rule 60(b)(1), and reaches a decision that follows logically from the application of such legal criteria to the facts found, then the trial court will be found to have properly exercised its discretion. *Id; Avondale on Hayden Inc. v. Hall,* 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct.App.1983); *State v. One 1990 Geo Metro,* 126 Idaho 675, 681, 889 P.2d 109, 115 (Ct.App.1995).

■ Lockhart asserted excusable neglect under I.R.C.P. 60(b)(1) as the justification for relief from the default judgment. The question as to whether Lockhart's conduct in allowing the default to be entered constituted excusable neglect, is a factual issue. *Herzinger v. Lockwood Corp.,* 109 Idaho 18, 19, 704 P.2d 350, 351 (Ct.App.1985); *One 1990 Geo Metro, supra.* It is to be answered by considering "whether the litigant engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances." *Schraufnagel v. Quinowski,* 113 Idaho 753, 754, 747 P.2d 775, 776 (Ct.App.1987). *See also Avondale, supra; Kovachy, supra.* In deciding whether excusable neglect has been demonstrated, the courts must consider each case on its unique facts. *Baldwin v. Baldwin,* 114 Idaho 525, 527, 757 P.2d 1244, 1246 (Ct.App.1988).

Lockhart argues that his failure to respond to Danz's complaint is excusable because he did not see the notice published in the newspaper and had no actual notice of the lawsuit.[1] The trial court found, however, that it was reasonable to infer from the evidence that Lockhart was aware of the proceedings and had wilfully avoided service.[2]

The evidence submitted in support of and in opposition to Lockhart's motion reasonably permits the inference, drawn by the district court, that Lockhart was aware of the litigation and consciously frustrated Danz's efforts at service. The inference that Lockhart knew of Danz's efforts to accomplish service can be drawn from several facts in evidence. First, in view of an attorney's obligation to apprise his client of such a development, one can infer that Lockhart was aware of the letter from Danz's attorney to Odgers requesting that Odgers accept service on behalf of Lockhart. Second, the timing of Lockhart's letter to Danz's attorney supports an inference that Lockhart was aware of Danz's service attempts. That letter, although dated February 28, 1996, was not mailed until May, after the process server had attempted to effectuate personal service at the address in Claremont and had telephoned Lockhart Corporation to request an address. Finally, Lockhart's refusal to accept certified mail from Danz's attorney also suggests that he was consciously avoiding written notice of the proceedings. Although Lockhart's affidavit asserts that he was unaware of the filing of the legal action until after entry of the default judgment, his affidavit is of equal interest for what it does *not* say. Lockhart's evidence: (1) does not assert that Odgers failed to inform Lockhart of the letter from Danz's attorney transmitting a copy of the summons and complaint and requesting that Odgers accept service, (2) gives no explanation for Lockhart's failure to claim the certified mail sent to his post office box, (3) does not deny that he or someone acting on his behalf answered the process server's telephone call to Lockhart Corporation, and (4) does not deny that a false address was given to the process server in that conversation.

---

1. Lockhart does not question that Danz exercised the requisite diligence in attempting personal service before resorting to service by publication, as required by I.C. § 5–508 and *Lohr v. Curley,* 27 Idaho 739, 748–49, 152 P. 185, 187–88 (1915), nor does he otherwise challenge the validity of the service by publication. Therefore, we intimate no view on such issues.

2. Lockhart complains that the court made inadequate findings of fact. We agree that the find-

ings in the court's written order are scanty, but because Lockhart did not provide a transcript of the hearing on his motion to set aside the default judgment, we do not know the extent of the findings that may have been made on the record at the hearing. The court minutes of the hearing reflect that the district court made at least one finding—that it was reasonable to infer that Lockhart was aware of the proceedings and avoided service.

■ We find this case analogous to *Rodell v. Nelson*, 113 Idaho 945, 750 P.2d 966 (Ct. App.1988), where a default judgment was entered after the defendant's attorney had withdrawn and the defendant had failed to make a further appearance *pro se* or through counsel. In that case, a process server was attacked by dogs as he attempted to serve a copy of an order for the withdrawal of the defendant's attorney, and a certified mailing sent to the defendant was returned unclaimed. The defendant sought to set aside the judgment, contending that he had not been served a copy of the order allowing his attorney's withdrawal. We held that the district court was justified in finding that the defendant had refused service of the order. We observed:

> It is a well-settled general principle that a person has no right to shut his eyes or ears to information and then to say that he lacked notice of the avoided facts. As a corollary to that principle, a person may not avoid the effect of a written notice by refusing service of the notice.

*Id.* at 947, 750 P.2d at 968. Those comments describe Lockhart's behavior. Lockhart is in a position to deny knowledge of the litigation only because he declined to accept certified mail, sent in compliance with I.R.C.P. 4(e)(1), which contained a copy of the summons and complaint.

The district court's finding that Lockhart was aware of the pending lawsuit is not clearly erroneous, but even if Lockhart lacked actual knowledge of the proceeding, the evidence indicates that his ignorance was the product of his own wilful avoidance of notice. The district court was justified in finding that Lockhart's conduct was not that of a reasonably prudent person in like circumstances and that Lockhart's failure to respond to Danz's complaint therefore did not fall within the bounds of excusable neglect. It follows that the district court's denial of Lockhart's motion for relief from the judgment was not an abuse of discretion.

## ATTORNEY FEES

■ Danz has requested an award of attorney fees on appeal pursuant to I.C. § 12–121 and I.A.R. 41. However, because we do not find that the appeal was brought or pursued frivolously, unreasonably or without foundation, we decline to award attorney fees. *Minich v. Gem State Developers*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979); *Siegel Mobile Home Group v. Bowen*, 114 Idaho 531, 535, 757 P.2d 1250, 1254 (Ct.App. 1988).

## CONCLUSION

The district court's order denying Lockhart's motion to set aside the default judgment is affirmed. Costs, but not attorney fees, are awarded to respondent.

PERRY and SCHWARTZMAN, JJ., concur.